ROGER SINRAM, Plaintiff-Appellee, v. DANIEL T. NOLAN, Defendant-Appellant.

Fourth District   No. 4—91—0384

Opinion filed April 23, 1992.

Daniel T. Nolan, of Decatur, appellant *pro se.*

James A. Jankowicz, of Record, Finney, Jankowicz & Morthland, of Decatur,.for appellee.

JUSTICE COOK delivered the opinion of the court:

On October 18, 1990, plaintiff, Roger Sinram, filed a forcible entry and detainer complaint against defendant, Daniel T. Nolan. After a bench trial in the circuit court of Macon County, judgment was entered for plaintiff and against defendant for past-due rent of $878.08, reasonable attorney fees of $300, plus costs. Defendant appeals. We affirm.

At a hearing on March 12, 1991, defendant admitted plaintiff was entitled to judgment for possession of the premises, but denied owing rent and attorney fees to plaintiff. The trial court entered judgment for possession and set the issue of past-due rent for trial. Defendant appeared *pro se* at the April 30, 1991, trial and orally moved for a continuance of at least two weeks, claiming he was unable to present his case because (1) a potential witness, Kurt Schroeder, was unavailable, and (2) prescribed medication for an inner-ear infection caused him to be weak and dizzy.

In considering defendant's motion, the trial court first determined that Schroeder was in fact available since he was still in the area and had been in court the previous day. Then the trial court questioned defendant, while observing his speech pattern and demeanor. Defendant was unable to present medical testimony, affidavits in support of

his motion, or evidence of the prescription medication he claimed he was taking. The court then denied defendant's motion.

■■ Our legal system cannot work efficiently if continuances are readily available on the day of trial. Supreme Court Rule 231(f) (134 Ill. 2d R. 231(f)) addresses that concern by specifically requiring that a sufficient excuse be shown for a continuance once the cause has been reached for trial. Section 2—1007 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1007) similarly requires a showing of good cause to obtain a continuance, although the granting of a continuance under section 2—1007 is solely at the discretion of the court.

The trial court has broad discretion in ruling on motions for continuance, but that discretion must not be exercised arbitrarily. In the case at bar the trial court did not act arbitrarily, but inquired concerning the potential witness, the prescribed medication, and defendant's condition. The trial court determined that the symptoms defendant complained of were not supported by his physical demeanor at trial.

■■ A litigant has no absolute right to have a case continued. A decisive factor is whether the party asking for the continuance has shown diligence in proceeding with the cause. (*McMillen v. Carlinville Area Hospital* (1983), 114 Ill. App. 3d 732, 739, 450 N.E.2d 5, 11.) If a continuance is not requested until the date of the trial, the moving party must give especially persuasive reasons for continuance because of the potential inconvenience to the witnesses, the parties, and the court. A reviewing court will not interfere with the exercise of the trial court's discretion unless there has been a manifest abuse of discretion or a palpable injustice apparent on the record. (*Lipke v. Celotex Corp.* (1987), 153 Ill. App. 3d 498, 510, 505 N.E.2d 1213, 1221.) The trial court here did not abuse its discretion in denying defendant's motion for continuance.

Affirmed.

STEIGMANN and KNECHT, JJ., concur.