W.M. MOLD AND TOOL, Plaintiff-Appellee, v. DENISE M. DeROSA, Defendant and Third-Party Plaintiff-Appellant (Carlos Garcia, Third-Party Plaintiff; Marvel Taylor, Third-Party Defendant-Appellee).

Second District No. 2—92—0953

Opinion filed October 15, 1993.

Gregory R. Spelson, of Moss & Hillison, of Chicago, for appellant.

Chiles & Wallach, of Wheaton, for appellee W.M. Mold & Tool.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, W.M. Mold and Tool, brought suit against defendant, Denise M. DeRosa, in small claims court for approximately $1,595 property damage sustained in an automobile accident. Defendant filed a third-party complaint for contribution against Marvel Taylor, the driver of plaintiff's vehicle at the time of the collision. Carlos Garcia, the owner of the vehicle driven by defendant, also filed a third-party complaint against Marvel Taylor. Garcia is not a party to this appeal. The trial court entered judgment for plaintiff and dismissed the third-party action. Defendant appeals, contending that the trial court erred in requiring the trial to proceed where defense counsel had not answered ready and had not secured the presence of defendant. Defendant's argument is twofold: (1) the trial court erred in proceeding to trial on a date on which the cause was set for status, not trial; and (2) the trial court erred in denying defendant's motion to vacate the judgment.

An understanding of the procedural history of this case is necessary to resolve the issues presented. On May 13, 1991, the trial court granted judgment for defendant. However, on September 13, 1991, the court granted plaintiff's post-trial motion, vacated the judgment for defendant, and set the cause for trial on January 9, 1992.

On January 8, 1992, the parties appeared before the court on defendant's motion to vacate the dismissal of the third-party complaint for want of prosecution. There is no verbatim report of proceedings for that date, but the record shows that the court vacated the dismissal and continued the cause to May 19, 1992. According to the trial court, the cause was set for trial on May 19, 1992, but according to defense counsel, it was set for status on that date. Defense counsel prepared a draft order stating, "It is hereby ordered, due notice having been given, and the Court being fully advised: That the Dec. 9, 1991 DWP order is vacated—The Jan. 9, 1992 trial date is stricken—and that this matter is continued for status to May, 19, 1992, at 10:00 a.m." Defense counsel left this draft order with the clerk of the court.

On February 26, 1992, plaintiff's counsel sent defense counsel a letter regarding this case. In it, plaintiff's counsel stated, "In review of the court file, it reflects that the order which you prepared was not entered by the court insofar as this case is set for bench trial on May 19, 1992." The letter continues, "Again, so there is no misunder-

standing, this case is set for *trial* on May 19, 1992 instead of for status. I will be ready on behalf of the plaintiff." (Emphasis in original.)

On March 6, 1992, defense counsel sent a letter to plaintiff's attorney, stating, "Insofar as you failed to indicate what the Order entered by the Court actually set forth, I have a copy of an Order which sets this matter for status May 19, 1992, therefore, unless you can provide me with a different Order I am relying on our Order."

In accordance with Supreme Court Rule 323(c) (134 Ill. 2d R. 323(c)), defendant prepared a proposed report of proceedings reflecting the May 19, 1992, proceedings. The report of proceedings was certified, as amended, by the trial court. That report said that on May 19, 1992, Patrick L. Sayas, an attorney with the law firm of Moss & Hillison, appeared on behalf of defendant. Plaintiff's attorney, Mr. Harry Chiles of Chiles and Associates, appeared for plaintiff and stated that the case was up for trial and plaintiff was ready to proceed. Chiles stated that the case file was not in the court, but he had requested that the file be located and brought to the courtroom. The case was not listed on the court "call." Defense counsel informed the court that he was under the impression that the case was set for status and that he had an order in his own file which indicated that this was so. Further, defense counsel stated that because he had relied on this order, no arrangements had been made to have defendant in court. Plaintiff's counsel responded that defendant's draft order had never been entered. The judge stated that the case was set for trial and he had written the order on the "half-sheet." The judge stated that he had torn up the order which defense counsel had drafted. The judge ordered the cause to proceed to trial that day. After trial, the court entered judgment for plaintiff and dismissed the third-party complaint.

In defendant's post-trial motion, she asked the court to vacate the judgment in favor of plaintiff and to order a new trial to allow defendant her day in court. At argument on the motion, another attorney from the law firm representing defendant appeared and argued that defense counsel did not know that the matter was set for trial until he arrived at the courtroom on May 19, 1992. Plaintiff's attorney argued that he had apprised defense counsel of the fact that the cause was set for trial by letter of February 26, 1992. Plaintiff's attorney argued that defense counsel could have checked the court file before May 19, 1992. The trial judge stated that on January 8, 1992, he granted defendant's motion to continue the trial until May 19, 1992. According to the judge, defense counsel left an order with the clerk which was not in conformance with the judge's ruling since

it stated that the cause was continued for status, not trial. When the judge was signing orders later that day, he determined that the order did not conform to the ruling of the court. The trial judge further remarked that on May 19, 1992, defense counsel orally moved to continue the trial. The trial court found no just reason to grant the continuance.

On appeal, the defendant contends that he reasonably relied on the draft order which reflected that the cause was up for status, not trial, on May 19, 1992. We note that the appellee in this case has not filed a brief. Pursuant to the principles enunciated in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, we will examine the merits of the appeal.

■ Defendant argues that where there is a written order drafted by counsel which is inconsistent with the half-sheet or other entry by the judge, the draft order controls. *First National Bank v. Bernius* (1984), 127 Ill. App. 3d 193, 196, cited by defendant for this proposition, holds that where it is clear that the court requires an additional order to be prepared, the docket entry does not constitute the final judgment for purposes of appeal. Defendant posits that Supreme Court Rule 271 required that he present a draft order to be entered. Supreme Court Rule 271 provides:

> "When the court rules upon a motion other than in the course of trial, the attorney for the prevailing party shall prepare and present to the court the order or judgment to be entered, unless the court directs otherwise." (134 Ill. 2d R. 271.)

Supreme Court Rule 271 suggests that defendant should have prepared an order to be entered, but implicit in that mandate is that the order should embody the court's ruling. There is nothing in the rule which suggests that the court must accept a draft order which incorrectly states the court's ruling. The rule does not suggest that until such an order is entered there is no order of record. In fact, Supreme Court Rule 271 makes the filing of a written order on motions made outside of the course of trial discretionary. (*City of Chicago v. Westphalen* (1981), 93 Ill. App. 3d 1110, 1127.) As we are not concerned with whether the court's entry of its order constituted a final order, we fail to see how *First National Bank* is applicable. It does not support defendant's argument that a draft order which was rejected by the court and never entered controls over the court's order entered of record.

Defendant argues that the intention of the court must be determined from the draft order entered and should not be controlled by intent or purpose not expressed therein. Further, according to defend-

ant, a formal written order, such as the draft order, controls over "other types of pronouncements." Defendant also argues that the trial judge's action in tearing up the draft order was tantamount to entering an *ex parte* order without notice to defendant. Defendant's arguments all suffer from the same flaw. The arguments begin with the incorrect premise that the draft order prepared by defense counsel was entered of record and then disregarded by the trial judge by entry of an inconsistent order. This is not a case where two inconsistent orders were entered in the court record. The draft order prepared by defense counsel was never entered. Here, the file contained a document entitled "Court Orders and Memo." It reflects that: on January 8, 1992, both plaintiff and defendant were present; the trial date of January 9, 1992, was stricken; the cause was continued for a bench trial at 10 a.m. on May 19, 1992; and the submitted order was rejected. The judge's initials appear after the entry. Absent a draft order indicating otherwise, the court's order reflected on the order sheet was the entry of the order into the record. See *City of Chicago v. American National Bank & Trust Co.* (1988), 171 Ill. App. 3d 680, 686 (absent a draft order indicating otherwise, the half-sheet entry was the order of record).

Defendant also claims that the draft order must have correctly embodied the court's ruling or the clerk would not have accepted the order and plaintiff's counsel would not have silently acquiesced in its submission. Counsel's statements in defendant's brief refer to matters outside the record. We cannot take cognizance of counsel's statements in the brief which are not supported by the record. (*In re Annexation of Certain Territory* (1973), 16 Ill. App. 3d 140, 145.) Additionally, as we have already noted, the draft order was a proposed order subject to the trial court's acceptance.

Fortunately, the situation before the court is a rare exception. The lawyer in question should have known that the proposed order was not an order until it was reviewed and signed by the judge. The clerk had no responsibility for the contents of the order drafted by the lawyer and left with the clerk to be handed to the judge.

Because of the press of business and a desire to accommodate busy lawyers, most courts allow draft orders to be left with the clerk for presentation to the judge at the end of the call. However, all concerned expect the order to be legible and intelligible, and to properly reflect the announced decision of the court.

The fact that the clerk was not allowed to stamp a copy "filed" or to stamp it with a judge's signature stamp further put the lawyer on notice that the order was not final until reviewed and signed by the

judge. Because of the rare instance when an attorney misunderstands the judge's ruling or by error or otherwise drafts an incorrect order, judges are encouraged to read each order before signing it. It should also be obvious that opposing counsel should review the draft order before it is left with the clerk.

■ We turn now to a determination of whether the court erred in denying a continuance on the date of trial. Defendant does not specifically articulate this challenge, but we find it to be implicit in his argument that the trial court erred in proceeding to trial. In *Sinram v. Nolan* (1992), 227 Ill. App. 3d 241, the court was faced with a motion to continue on the date of trial. In determining that the trial court did not abuse its discretion in denying the motion, the appellate court stated, "Our legal system cannot work efficiently if continuances are readily available on the day of trial." (*Sinram*, 227 Ill. App. 3d at 243.) The court further stated, "A litigant has no absolute right to have a case continued. A decisive factor is whether the party asking for the continuance has shown diligence in proceeding with the cause." *Sinram*, 227 Ill. App. 3d at 243.

In the instant case, defense counsel may have misunderstood the ruling of the court and believed that the cause was set for status, not trial. He may also have left the draft order, believing that the judge would sign the order and it would be entered of record. That does not change the fact that opposing counsel clearly and quite properly notified defense counsel that the court order entered set the cause for trial. Defense counsel had almost three months after that notice to verify the order had been entered, but he did nothing. Instead, he chose to communicate to opposing counsel that he was rejecting the order that was entered of record because it was inconsistent with the draft order he had presented to the clerk. Defense counsel waited until the day of trial to inquire further. This conduct was unreasonable and shows a lack of diligence.

"If a continuance is not requested until the date of the trial, the moving party must give especially persuasive reasons for the continuance because of the potential inconvenience to the witnesses, the parties, and the court." (*Sinram*, 227 Ill. App. 3d at 243.) A reviewing court will not interfere with the exercise of the court's discretion absent an abuse thereof or unless a palpable injustice is apparent of record. (*Sinram*, 227 Ill. App. 3d at 243.) The trial court did not abuse its discretion in the instant case, and we do not perceive palpable injustice.

■ Defendant's second argument is that the trial court erred in denying defendant's motion to vacate pursuant to section 2—1301(e)

of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1301(e) (now 735 ILCS 5/2—1301(e) (West 1992))). That section provides:

> "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable."

The determination of whether to grant a motion to vacate is within the sound discretion of the trial court. (*In re Marriage of Romashko* (1991), 212 Ill. App. 3d 1018, 1024.) The overriding concern in ruling on a motion to vacate is whether substantial justice is being done between the litigants, and whether it is reasonable under the circumstances to compel the nonmovant to proceed to trial on the merits. (*Romashko*, 212 Ill. App. 3d at 1024.) Due diligence and a meritorious defense are factors in determining whether the judgment should be vacated, and additional factors to be considered include the residence of the nonmovant, the severity of the penalty as a result of the judgment, and the hardship on the nonmovant if he is required to go to trial. (*Romashko*, 212 Ill. App. 3d at 1024.) "A circuit court has abused its discretion when it acts arbitrarily without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted. [Citation.] If reasonable persons could differ as to the propriety of the trial court's actions, then the trial court cannot be said to have exceeded its discretion." *Venzor v. Carmen's Pizza Corp.* (1992), 235 Ill. App. 3d 1053, 1059.

In the case of *In re Marriage of Garde* (1983), 118 Ill. App. 3d 303, defendant and his counsel did not appear in court on the trial date. The trial court entered judgment after an *ex parte* hearing. In arguing the motion to vacate, defendant stated that neither he nor his attorney received notice of the date from the circuit clerk's office. Yet, the record showed that they had received actual notice from motions sent to them by opposing counsel. (*Garde*, 118 Ill. App. 3d at 308.) The trial court denied the motion to vacate, finding that the litigant was bound by his attorney's acts. The appellate court noted that the practice of imputing an attorney's negligence to his client may sometimes visit " 'drastic and vicarious punishment on an unsuspecting litigant,' " but held that justice did not require a second hearing where the previous opportunity to speak was not seized. *Garde*, 118 Ill. App. 3d at 309, quoting *Adams v. Grace* (1970), 128 Ill. App. 2d 69, 80-81.

In this case, we have already determined that defense counsel did not act with due diligence in ascertaining the status of this matter in order to secure the presence of defendant at trial. In his motion to vacate, counsel did not allege the existence of a meritorious defense, and nothing in the record indicates that defendant had a meritorious defense. The amount of the judgment is not high. While there is no indication what hardship a new trial would work upon plaintiff, a lack of hardship is just one factor for consideration. (*Garde*, 118 Ill. App. 3d at 309.) Under the circumstances of this case, the trial court did not abuse its discretion by denying the motion to vacate.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

DOYLE and COLWELL, JJ., concur.