No. 2--97--0100

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

MERCHANTS BANK, as Assignee ) Appeal from the Circuit Court

of Great Northern Mortgage,  ) of Kane County.

)

Plaintiff-Appellee, )

)

v. ) No. 96--CH--193

)

WILLIAM GUY ROBERTS, JR., JOY ) 

M. ROBERTS, MERCHANTS NATIONAL ) 

BANK, as Trustee of Trust  )

No. 2882 and Beneficiaries  )

thereunder, )

)

Defendants-Appellants )

)

(American General Finance, )

Inc., Hinckley State Bank,  )  

Unknown Owners, Nonrecord       )  Honorable

Claimants, and William Miller,  )  Melvin E. Dunn

Defendants).  )  Judge, Presiding.  _______________________________________________________________

JUSTICE RATHJE delivered the opinion of the court:

On April 4, 1996, the plaintiff, Merchants  Bank, filed a mortgage foreclosure action naming as defendants, William Guy Roberts, Jr., Joy M. Roberts, his wife, and Merchants National Bank, as trustee of trust No. 2882.  Additional defendants are not parties to this appeal.  The above-named defendants were defaulted, and, on July 19, 1996, the trial court entered a judgment of foreclosure.  The order provided that the last day to redeem the property was November 4, 1996.  Thereafter, on November 22, 1996, the property was sold at a sheriff's sale.  At the December 6, 1996, hearing to confirm the sale, an attorney for William Guy Roberts, Jr., appeared seeking a continuance of the confirmation hearing.  The motion for continuance was denied.

Thereafter, on January 3, 1997, new counsel, representing William Guy Roberts, Jr., Joy M. Roberts, and trust No. 2882, appeared and presented an emergency motion to reconsider the order denying the motion to continue and/or motion to vacate the order confirming the sale.  The motion for reconsideration was accompanied by exhibits, affidavits of the defendants, and a memorandum of law.  The plaintiff filed a motion to strike the emergency motion.  William Miller, the buyer of the defendants' property at the sheriff's sale, filed a motion to strike the appearances of Joy M. Roberts and trust No. 2882.  Following a hearing on January 10, 1997, the trial court granted Miller's motion to strike the appearances of Joy M. Roberts and trust No. 2882 and denied the emergency motion for reconsideration and/or to vacate the confirmation of sale.  This appeal followed.  

On appeal, the defendants raise the following issues: (1) whether the trial court erred in denying William Guy Roberts, Jr.'s, motion to continue the confirmation of sale hearing; and (2) whether the trial court erred in denying the defendants' emergency motion for reconsideration and/or motion to vacate.

A litigant has no absolute right to have a case continued.  
Sinram v. Nolan
, 227 Ill. App. 3d 241, 243 (1992).  A decisive factor is whether the party asking for the continuance has shown diligence in proceeding with the cause.  
Sinram
, 227 Ill. App. 3d at 243.  The trial court has broad discretion in ruling on motions for continuance but that discretion must not be exercised arbitrarily.  
Sinram
, 227 Ill. App. 3d at 243.  A reviewing court must balance the prompt disposition of the case with the equally compelling interest in obtaining justice to determine whether an abuse of discretion occurred.  
O'Neill v. Brown
, 242 Ill. App. 3d 334, 343 (1993).  The granting or denying of a motion for continuance will not be disturbed on appeal unless there has been a manifest abuse of discretion or a palpable injustice.  
Maslanka v. Blanchett
, 239 Ill. App. 3d 548, 553 (1992).

Section 15--1508(b) of the Code of Civil Procedure (735 ILCS 5/15--1508(b) (West 1996)) provides that the trial court shall conduct a hearing to confirm the sheriff's sale of a foreclosed property and shall enter an order confirming the sale unless it finds that "(i) a notice required  in accordance with subsection (c) of Section 15--1507 was not given, (ii) the terms of  sale were unconscionable, (iii) the sale was conducted fraudulently or (iv) that justice was otherwise not done."  735 ILCS 5/15--1508(b) (West 1996).  

In his motion for continuance, William Guy Roberts, Jr., alleged specifically that the purchase price from the sheriff's sale was inadequate; that the parcels sold at the sheriff's sale should not have been encumbered by the mortgage and therefore should not have been sold at the sale; and that justice and equity required that the sale should be set aside.  Mr. Roberts, Jr., further alleged that, subsequent to the sale, his prior counsel had informed him that he was unable to represent Mr. Roberts, Jr., due to a conflict of interest and that, as a result, Mr. Roberts, Jr., had to obtain new counsel.

In his brief, Mr. Roberts, Jr., asserts that the purpose of seeking the continuance was to permit his new counsel time to present a written motion to void or otherwise set aside the sale.

The record before us establishes that Mr. Roberts, Jr., failed to exercise diligence in seeking to challenge the confirmation of the sheriff's sale in this case.  The foreclosure suit in this case was filed on April 4, 1996, and the judgment of foreclosure was entered on July 19, 1996.  At that point, Mr. Roberts, Jr., was, or should have been, aware via the notices he received of the identity of the parcels that were foreclosed upon.  However, he was still not prepared to challenge that alleged mistake some five months later.  Although the sheriff's sale was held November 22, 1996, some 14 days prior to the confirmation hearing, Mr. Roberts, Jr., failed to establish in his motion why he was not prepared on the day of the confirmation hearing to challenge the sale price as inadequate.  Finally, it is left to the reader's imagination as to why justice and equity require that the sale be set aside.  

Finally, Mr. Roberts, Jr.'s, need to obtain new counsel to present the motion for continuance appears not to be the cause of his lack of diligence but rather a product of Mr. Roberts Jr.'s, own "foot dragging" where this case is concerned.  The allegation regarding the wrong parcels being encumbered by the mortgage should have been known to Mr. Roberts, Jr., at the very least as of July 19, 1996, the day the trial court entered the judgment of forclosure. 

We conclude therefore that the trial court did not err in denying a continuance of the hearing on the confirmation of the sheriff's sale.  

The defendants then contend that the trial court erred in denying their emergency motion for reconsideration of the order denying the continuance and/or motion to vacate the order confirming the sale.  The defendants style the emergency motion as brought pursuant to section 2--1301(e) of the Code of Civil Procedure (735 ILCS 5/2--1301(e) (West 1996)).  Section 2--1301(e) provides in pertinent part as follows:

"The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable."  735 ILCS 5/2--1301(e) (West 1996).

The emergency motion in this case is actually two different motions, in that it seeks reconsideration of the court's order denying William Guy Roberts, Jr.'s, motion to continue the confirmation hearing, and it also seeks vacation of the order confirming the sale on behalf of all of the defendants.  Different standards of review apply to each motion and will be discussed in turn.

First, however, we must address that part of the January 10, 1997, order which struck the appearances of Joy M. Roberts and trust No. 2882.  The defendants concede in their brief that, as to that part of the motion seeking reconsideration of that part of the order of December 6, 1996, denying the motion for continuance, the appearances of Joy M. Roberts and trust No. 2882 were properly stricken as the motion for continuance was brought solely on behalf of William Guy Roberts, Jr.  However, as to that portion of the emergency motion seeking to vacate the order confirming the sale, we agree with the defendants that the trial court erred in striking the appearances of Joy M. Roberts and trust No. 2882.  Both Joy M. Roberts and trust No. 2882 were parties to the foreclosure action in this case and received notice of the hearing to confirm the sheriff's sale.  Under section 2--1301(e), they were entitled to bring a motion, within 30 days, to set aside the order of December 6, 1996.  Therefore, the trial court erred in striking the appearances of Joy M. Roberts and trust No. 2882 as to that part of the emergency motion seeking to vacate the order confirming the sheriff's sale in this case.  
See 
Nicholson v. St. Anne Lanes, Inc.
, 158 Ill. App. 3d 838, 842 (1987).

We first address the motion for reconsideration of that portion of the December 6, 1996, order denying a continuance of the confirmation hearing.  We agree with the plaintiff that the standard of review on a motion for reconsideration is set forth in 
John Alden Life Insurance Co. v. Propp
, 255 Ill. App. 3d 1005 (1994).  The defendants argue that the standard in 
Propp
 does not apply since it does not appear that the motion for reconsideration in 
Propp
 was brought under section 2--1301(e).  We reject that argument because it is clear that, in the case before us, only that portion of the emergency motion seeking to vacate the order confirming the sale is properly brought under section 2--1301(e).  In and of itself, an order denying a continuance is neither a final order nor a judgment subject to being vacated under section 2--1301(e).

In 
Propp
, the court explained the purpose of a motion for reconsideration as follows:

" 'The intended purpose of a [motion] to reconsider is to bring to the court's attention (1) newly discovered evidence which was not available at the time of the first hearing, (2) changes in the law, or (3) errors in the court's previous application of existing law. *** Trial courts should not permit litigants to stand mute, lose a motion and then frantically gather evidentiary material to show that the court erred in its ruling.  Civil proceedings already suffer from far too many delays and the interests of finality and efficiency 
require
 that the trial courts not consider such late-tendered evidentiary material, no matter what the contents thereof may be.' "  (Emphasis in original.)  
Propp
, 255 Ill. App. 3d at 1011, quoting 
Gardner v. Navistar International Transportation Corp.
, 213 Ill. App. 3d 242, 248-49 (1991).

The motion for reconsideration in this case failed to satisfy the above test in any respect.  Therefore, the trial court did not err in denying that portion of the emergency motion seeking reconsideration of the trial court's order denying a continuance of the confirmation hearing.

We now address that portion of the emergency motion seeking to vacate the order confirming the sheriff's sale and which was properly brought pursuant to section 2--1301(e).

The determination of whether to grant a motion to vacate is within the sound discretion of the trial court.  
W.M. Mold & Tool v. DeRosa
, 251 Ill. App. 3d 433, 439 (1993).  The overriding concern in ruling on a motion to vacate is whether substantial justice is being done between the litigants, and whether it is reasonable under the circumstances to proceed to trial on the merits.  
DeRosa
, 251 Ill. App. 3d at 439.  A circuit court has abused its discretion when it acts arbitrarily without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted.  
Venzor v. Carmen's Pizza Corp.
, 235 Ill. App. 3d 1053, 1059 (1992).  If reasonable persons could differ as to the propriety of the trial court's actions, then the trial court cannot be said to have exceeded its discretion.  
Venzor
, 235 Ill. App. 3d at 1059.  

While a meritorious defense is no longer a necessary ground for seeking relief under section 2--1301(e) (
Venzor
, 235 Ill. App. 3d at 1059), it is still a factor in determining whether the judgment should be vacated.  
DeRosa
, 251 Ill. App. 3d at 439.  Other factors include due diligence, the residence of the nonmovant, the severity of the penalty as a result of the judgment, and the hardship on the nonmovant if he is required to go to trial.  
DeRosa
, 251 Ill. App. 3d at 439.

Although the trial court stated that it had reviewed the file in this case, it is clear from the transcript of the hearing on the motion to vacate that the trial court considered only the due diligence factor in its decision to deny the motion to vacate.  The trial court did not give consideration to any of the other factors.

Nothing in the record before us indicates that either the location of the plaintiff's residence or any hardship caused by an adversarial hearing on the confirmation of sale would favor the denial of the defendants' motion to vacate.  

The plaintiff argues that the defendants have failed to set forth a meritorious defense.  The plaintiff maintains that the defendants have failed to establish the inadequacy of the price for which the property sold at the sheriff's sale since the defendants have provided only an appraisal done in 1991 and therefore have not established the current value of the property.

In 
Resolution Trust Corp. v. Holtzman
, 248 Ill. App. 3d 105 (1993), the court observed that, in requiring that the trial court determine that sale terms were not unconscionable, the General Assembly did not intend to require an extended evidentiary hearing after each sheriff's sale.  The court stated:

"To determine the extent of the hearing to be afforded the mortgagor, the court should look to the defendant's petition or motion, and if there is an allegation of a current appraisal or other current indicia of value which is so measurably different than the sales price as to be unconscionable, then a hearing should be afforded the defendant.  On the other hand, if the allegation of unconscionability rests on an appraisal rendered remote in time, the requisite of a formal hearing is not required under the amendatory act."  
Holtzman
, 248 Ill. App. 3d at 115.

In addition to the 1991 appraisal, both William Guy Roberts, Jr., and Joy M. Roberts provided affidavits in which they stated that, in their opinions, the two parcels foreclosed on were together valued at $400,000.  As a general rule, the owner of land is qualified to express an opinion of its value merely by virtue of his ownership.  
Department of Transportation v. White
, 264 Ill. App. 3d 145, 151, (1994).  Thus, their opinions provide the "other current indicia of value."  The value of the property is so measurably different from the sale price of $200,000 obtained at the sheriff's sale as to be unconscionable, and a hearing is required.  
Holtzman
, 248 Ill. App. 3d at 115.

The above analysis also supports the argument that the defendants would suffer a severe penalty if the two parcels were sold at less than 50% of the fair market value.

The defendants have also asserted as a meritorious defense that they never intended that both parcels be pledged as security for the mortgage that was the subject of this action.  While we do not favor rewarding litigants for failing to act timely to protect their rights, the clear language of subsection 15--1508(b)(iv) (735 ILCS 5/15--1508(b)(iv) (West 1996)) does not permit the sheriff's sale to be confirmed if there is evidence that justice was not done.  The plaintiff's challenges to the merits of this defense are best presented in the context of an adversarial hearing.  

We have no disagreement with the trial court's conclusion that the defendants were not diligent in presenting their claims to the trial court.  However, due diligence is only one factor to consider, and it is clear that the trial court failed to consider the other factors in reaching its decision.  After reviewing the other factors, we conclude that the trial court abused its discretion by failing to do substantial justice between the parties.

In reaching this conclusion, we are guided by the following language from 
Widicus v. Southwestern Electric Cooperative, Inc.
, 26 Ill. App. 2d 102 (1960), which this court cited with approval in 
Venzor
:

" 'It seems to us that the overriding reason should be whether or not justice is being done.  Justice will not be done if hurried defaults are allowed any more than if continuing delays are permitted.  But justice might, at times, require a default or a delay.  What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome.

The entering of a default is one of the most drastic actions a court may take to punish for disobedience to its commands.  The court has other powers which are ample in most instances.  In our judgment, a default should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand.  It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits.' "  
Venzor
, 235 Ill. App. 3d at 1058, quoting  
Widicus
, 26 Ill. App. 2d at 108-09.

We therefore affirm the trial court's December 6, 1996, order denying a continuance of the confirmation hearing and that portion of its January 10, 1997, order denying reconsideration of its December 6, 1996, order denying a continuance of the confirmation of sale hearing; we affirm the trial court's order striking the appearances of Joy M. Roberts and trust No. 2882 as to that portion of the motion seeking reconsideration of the order of December 6, 1996, but reverse that portion of the order striking the appearances as to that portion of the motion seeking to vacate the confirmation of the sale order of December 6, 1996.  Finally, we reverse the trial court's January 10, 1997, order denying the motion to vacate and remand the cause for a hearing in accordance with the provisions of section 15--1508.

The judgment of the trial court is affirmed in part, reversed in part, and vacated in part, and the cause is remanded.

Affirmed in part, reversed in part, and vacated in part;  cause remanded.

DOYLE and THOMAS, JJ., concur.