SIXTH DIVISION
NOVEMBER 3, 2006

No. 1-05-2720

| | | |
|---|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) ) ) | Appeal from the Circuit Court of Cook County. |
|     Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 02 CH 003108 |
| JERRY THOMPSON and MARY THOMPSON, | ) ) ) ) | |
|     Defendants, | ) ) ) | |
| Cronus Projects, LLC, | ) ) | Honorable Richard J. Billik, |
|     Intervenor-Appellant. | ) | Judge Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, Mortgage Electronic Registration Systems, filed a complaint for mortgage foreclosure against defendants, Jerry and Mary Thompson, following a default judgment. Intervenor, Cronus Projects, LLC, was the high bidder for the mortgaged property at a subsequent judicial sale. After the judicial sale, but prior to the confirmation, defendants sold the property to a third party after receiving a payoff letter from plaintiff. The circuit court denied plaintiff's motion to confirm the judicial sale and subsequently dismissed the case with prejudice but awarded damages to intervenor.

Intervenor filed this timely appeal arguing that the foreclosure sale should have been confirmed and, alternatively, if the circuit court properly denied plaintiff's motion to confirm the sale, then it was error for the circuit court to deny intervenor's motion for

additional damages.

For the reasons that follow, we affirm the judgment of the circuit court.

BACKGROUND

On February 1, 2002, plaintiff filed a complaint for foreclosure of a mortgage that defendants granted to plaintiff to secure financing for residential property commonly known as 6105 South Maplewood Avenue, Chicago, Illinois, 60629. A notice of foreclosure was recorded on February 13, 2002. On April 19, 2004, a judgment of foreclosure and sale was obtained following the dismissal of defendants' petition for bankruptcy in the federal district court. The Judicial Sales Corporation was appointed as the selling officer and a sale was set for December 20, 2004, wherein intervenor was the highest bidder on the property.

A hearing to confirm the sale was set for January 10, 2005, on the "uncontested court call"; however, defendant Jerry Thompson appeared personally at the hearing and indicated that he had a contract to sell the property and objected to the proceedings. The circuit court continued the hearing to January 19, 2005, to be heard in the "contested court call" of judicial sales. Prior to the January 19, 2005 hearing but after the circuit court continued the confirmation hearing, defendants requested and received a payoff letter directly from plaintiff indicating the amount and manner of payment necessary to satisfy the debt. On January 14, 2005, the property was sold to a third party at a closing for the contract price of $190,000.

On January 19, 2005, counsel for defendant Jerry Thompson appeared in court and was granted leave of court to appear as counsel on behalf of the Thompsons. On

that same day, counsel for the Thompsons attempted to tender a check to plaintiff's counsel representing the balance of the delinquent mortgage. Counsel for plaintiff, however, refused the tender because the payoff amount was short by approximately $32, representing a late fee or a pro rata interest payment. On January 24, 2005, counsel for defendants filed a motion to set aside the judicial sale. Plaintiff filed a response acknowledging that a payoff letter had been issued to the Thompsons directly from plaintiff's office and without notice to plaintiff's counsel. On February 19, 2005, the circuit court denied plaintiff's motion to confirm the sale of the property and vacated the judicial sale, finding that justice would not otherwise be done pursuant to section 15-1508(b) of the Code of Civil Procedure (735 ILCS 5/15-1508(b) (West 2004)) (the Code) were it to enter a contrary ruling. After addressing the interest of all interested persons, including nonparties to the action, the circuit court ordered all sums deposited by intervenor to be returned.

On March 25, 2005, plaintiff moved the circuit court to vacate the judgment of foreclosure and dismiss the action with prejudice based on defendant's payment of the mortgage in full. On June 23, 2005, intervenor filed a verified petition for damages. The circuit court granted plaintiff's motion to vacate and dismiss with prejudice and awarded intervenor $1,000 for attorneys' fees and $940 in interest for the 66 days that the Judicial Sales Corporation retained his payment for the property. Intervenor filed this timely appeal.

ANALYSIS

I. STANDARD OF REVIEW

1-05-2720

When confirming a judicial sale, the circuit court has broad discretion in approving or disapproving sales. Citicorp Savings of Illinois v. First Chicago Trust Company of Illinois 269 Ill. App. 3d 293, 300 (1995); In re Application of Rosewell, 236 Ill. App. 3d 473, 476-77 (1992); Berber v. Hass, 57 Ill. App. 2d 109 (1965). In Illinois it is clear that a judicial sale is not complete until it has been approved by the trial court. Citicorp, 269 Ill. App. 3d at 300, citing In re Application of Rosewell, 236 Ill. App. 3d 473. The highest bid received by a sheriff at a judicial sale is merely an irrevocable offer to purchase the property, and acceptance of the offer takes place when the court confirms the sale. Citicorp, 269 Ill. App. 3d at 300, citing Straus v. Anderson, 366 Ill. 426 (1937). Until the court confirms the sheriff's proceedings, there is not a true sale in the legal sense. Citicorp, 269 Ill. App. 3d at 300, citing Levy v. Broadway-Carmen Building Corp., 366 Ill. 279 (1937). A court is justified in refusing to approve a judicial sale if unfairness is shown that is prejudicial to an interested party. Citicorp, 269 Ill. App. 3d at 300, citing Evans v. Hunold, 393 Ill. 195 (1946).

## II. CONFIRMATION OF JUDICIAL SALE

Intervenor contends that the circuit court erred by not confirming the judicial sale of the property because the action taken by defendant occurred following the sale and prior to the confirmation. Intervenor further argues that allowing the circuit court's ruling to stand will destabilize and wreak havoc upon judicial sales. We disagree and find that the circuit court did not abuse its discretion in denying plaintiff's motion to confirm the sale.

Intervenor characterizes the issue before this court as whether a third-party

4

purchaser and lender may rely on a payoff letter when a lis pendens notice has been properly recorded. This characterization is, however, incorrect and the proper question before this court is whether the circuit court abused its broad discretion in denying plaintiff's motion to confirm the judicial sale. Fleet Mortgage Corp. v. Deale, 287 Ill. App. 3d 385, 388 (1997). Relative to the circuit court's exercise of discretion, intervenor argues that it was an abuse for the circuit court to consider the interests of two lien-holders that were paid off in the sale by the Thompsons and the third party purchasers who would be unfairly prejudiced as a result of the confirmation.

First, we point out that this court has held that the circuit court is justified in refusing to approve a judicial sale if unfairness is shown that is prejudicial to an interested party even if the party is not named in the proceedings. Fleet Mortgage Corp., 287 Ill. App. 3d at 392 (holding that a trial court is expressly required to consider the interests of all parties, including mortgagors who were not part of the proceedings, before ruling on a petition to confirm). Contrary to intervenor's assertions, the circuit court did not err in considering the third-party purchasers, two additional lenders and the Thompsons because each had an interest in the property. Second, the circuit court acted consistently with the policy of Illinois foreclosure law that favors protection of equity in the home of a mortgagor and allows redemption. We point out that this court has balanced the competing policy goals which must be taken into consideration in such matters. In Fleet Mortgage, we stated:

"We recognize and acknowledge the need to promote stability in the conduct of a judicial sale. See Abbott v. Beebe, 226 Ill. 417, 420, 80 N.E. 991, 992 (1907),

5

quoting Conover v. Musgrave, 68 Ill. 58 (1873) (' "Public policy requires stability in all judicial sales and that they should not be disturbed for slight causes. To do so would impair that confidence so essentially necessary to induce persons to become purchasers when real estate is offered for sale under a judgment or decree of a court." '). However, that policy cannot be given ascendancy over the articulated purpose of the Illinois Mortgage Foreclosure Law to protect the equity of a mortgagor by permitting mortgage redemptions prior to forced sales and thereby to protect against the forced sale of property at prices well below fair market value." (Emphasis added.) Fleet Mortgage Corp, 287 Ill. App. 3d at 389-90.

In the instant case, the circuit court held that justice would not otherwise be done if the sale were confirmed based on the facts before it. The circuit court was present for and carefully considered the motions, briefs and arguments and assessed the credibility of all parties seeking relief. A circuit court has abused its discretion when it acts arbitrarily without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted. Merchants Bank v. Roberts, 292 Ill. App. 3d 925, 930 (1997), citing Venzor v. Carmen's Pizza Corp., 235 Ill. App. 3d 1053, 1059 (1992). If reasonable persons could differ as to the propriety of the trial court's actions, then the trial court cannot be said to have exceeded its discretion. Merchants Bank, 292 Ill. App. 3d at 930.

Although we may not have come to the same conclusion as the circuit court in this case, we cannot say that it acted arbitrarily, without conscientious judgment or

ignored principles of law resulting in substantial prejudice. Based on the fact that plaintiff issued a payoff letter which facilitated the sale of the property, two additional lien-holders were paid off from the sale to the third-party purchaser, the third-party purchaser was spared the loss of the property and the mortgagor's equity was not forfeited, we hold that the circuit court did not abuse its discretion by denying plaintiff's motion to confirm the sale.

### III. DAMAGES

Intervenor next argues that the circuit court committed reversible error by not awarding damages based on its tortious interference theory advanced for the first time on appeal. "It is well settled that issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal." Haudrich v. Howmedica, Inc., 169 Ill. 2d 525, 536 (1996); see also Daniels v. Anderson, 162 Ill. 2d 47, 58-59 (1994); Geise v. Phoenix Co. of Chicago, Inc., 159 Ill. 2d 507, 514-15 (1994); Lannom v. Kosco, 158 Ill. 2d 535, 539-40 (1994); Mittelman v. Witous, 135 Ill. 2d 220, 230 (1989). Specifically, intervenor argues that it is entitled to damages based upon a "prospective economic advantage."

In Daniels, our supreme court reiterated that " 'the theory upon which a case is tried in the lower court cannot be changed on review, and * * * an issue not presented to or considered by the trial court cannot be raised for the first time on review.' " Daniels, 162 Ill. 2d at 58, quoting Kravis v. Smith Marine, Inc., 60 Ill. 2d 141, 147 (1975). We hold that plaintiff waived this argument and may not raise it for the first time on appeal. Daniels, 162 Ill.2d at 59 (allowing new theory for the first time on appeal would weaken

7

the adversarial process, our system of appellate jurisdiction, and cause prejudice, since opponents may have been able to present evidence to discredit the theory had it been raised in the trial court).

Furthermore, even if waiver were inapplicable here, intervenor's claim to damages after the circuit court refused to confirm the sale based on a tortious interference theory would fail nonetheless because it neither cites relevant authority nor explains how such a theory can apply to foreclosure proceedings. Moreover, it is well-established law in Illinois that the high bidders' "interest evaporates upon the trial court's determination that the judicial sale will not be confirmed." Citicorp, 269 Ill. App. 3d at 301. "What the trial court decides to do with the property after it determines the sale will not be confirmed is a matter in which the [high bidders] have no discernible legal interest." Citicorp, 269 Ill. App. 3d at 301.

We also find it important to note plaintiff's contention that the circuit court erred in awarding interest and attorneys' fees to intervenor at plaintiff's expense. Plaintiff raised this contention in its response brief but it did not cross-appeal the judgment of the circuit court ordering it to pay these costs to intervenor. Findings of the trial court adverse to the appellee do not require the appellee's cross-appeal if the judgment of the trial court was not at least in part against the appellee. Material Service Corp. v. Department of Revenue, 98 Ill. 2d 382, 387 (1983). However, findings adverse to the appellee require a cross-appeal if the judgment was in part against the appellee. General Auto Service Station v. Maniatis, 328 Ill. App. 3d 537, 544-45 (2002). Here, the circuit court granted plaintiff's motion to vacate the sale and dismiss the case with prejudice but it also

assessed specified costs against plaintiff based on equitable principles. The circuit court's judgment was in part against plaintiff. Thus, plaintiff was required to file a cross-appeal to argue this issue on appeal. Material Services Corp., 98 Ill. 2d at 387. We, therefore, decline to address plaintiff's argument relative to the circuit court's judgment that was adverse to plaintiff.

## IV. CONCLUSION

For the foregoing reasons, we hold that the circuit court did not abuse its discretion in denying plaintiff's motion to confirm or its subsequent grant of plaintiff's motion to vacate the judicial sale and dismiss the matter with prejudice. Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

FITZGERALD-SMITH, P.J., and JOSEPH GORDON, J., concur.