THIRD DIVISION
December 20, 2006

No. 1-06-0305

| | | |
|---|---|---|
| WASHINGTON MUTUAL BANK, FA. | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| JANICE BOYD and TOMMY THOMAS, | ) | |
| | ) | |
| Defendants | ) | No. 02CH22123 |
| | ) | |
| (Greenwich Investors XVI, LLC, | ) | |
| | ) | |
| Intervening Defendant-Appellant; | ) | |
| | ) | The Honorable |
| | ) | Jesse Reyes, |
| Florence Pittman and Argent Mortgage | ) | Judge Presiding. |
| Company, LLC, | ) | |
| | ) | |
| Intervening Defendants-Appellees). | ) | |

JUSTICE GREIMAN delivered the opinion of the court:

This is an appeal from the trial court's denial of a petition to confirm the judicial mortgage foreclosure sale of certain property to appellant-intervenor, Greenwich Investors XVI, LLC, (Greenwich), which was the highest bidder of the property at a mortgage foreclosure sale. The property had been foreclosed by plaintiff, Washington Mutual Bank, FA (Washington Mutual), after mortgagors Janice Boyd and Tommy Thomas (deceased) defaulted on the mortgage. On appeal, appellants contend that the trial court erred by failing to confirm the judicial foreclosure sale. We reverse and remand the case to the trial court.

The following facts are taken from the record. Washington Mutual filed a complaint of foreclosure on December 12, 2002, against the mortgagors, Tommy Thomas and Janice Boyd, for

their property on South Lafayette Avenue in Chicago, Illinois. Washington Mutual later amended its complaint to include the unknown heirs and devisees of Tommy Thomas because Tommy Thomas died on February 20, 2003.

The trial court entered a judgment of foreclosure and sale finding that the rights of redemption shall expire on May 10, 2005. Sometime after May 10, 2005, a foreclosure sale was held wherein Greenwich was the highest bidder at $66,000. On May 31, 2005, the trial court granted the mortgagors' motion to vacate the foreclosure sale and gave Washington Mutual 21 days to close on a contract for the sale of the property. On July 8, 2005, intervenors Florence Pittman and Argent Mortgage Company, LLC, purportedly purchased the property for $110,000.

Intervenors Pittman and Argent were granted leave to file their pleadings. The trial court approved the report of the Pittman/Argent sale and distribution was set for September 29, 2005. In their pleadings Pittman and Argent stated that Pittman had purchased the property on July 8, 2005, with financing from Argent, that neither Pittman nor Argent knew at the closing that a foreclosure sale had been held, and that they relied on a payoff letter dated July 1, 2005, from Washington Mutual that stated that the foreclosure action would be dismissed provided sufficient funds were tendered to repay the loan. Pittman and Argent's pleading also stated that at the closing, the seller's attorney confirmed with Washington Mutual the amount necessary to repay the loan and upon such verification the closing agent for Argent forwarded a check for the exact amount to Washington Mutual to repay the loan. The payoff letter also stated: "If there is a foreclosure sale date scheduled for your property this letter DOES NOT extend or change that foreclosure sale date. Therefore, if the effective date for the payment quotation stated in this letter continues past the scheduled foreclosure sale date, the foreclosure sale will nonetheless

occur unless the loan is reinstated or paid off PRIOR TO the foreclosure sale as required by applicable law."

On November 23, 2005, the trial court dismissed the case, vacating the judgment of foreclosure and vacating the judicial sale, finding it would be unjust to approve the foreclosure sale because Argent relied on the affirmative representation made by the attorneys for Washington Mutual that the foreclosure would be dismissed provided sufficient funds were received to repay the mortgage. The trial court also found that Washington Mutual waived compliance with the statutory redemption law by voluntarily agreeing to accept full payment of the loan with interest and costs. The trial court stated that if the foreclosure sale were approved the mortgagors would be prejudiced by losing almost half of the value of their house. This timely appeal followed.

Illinois provides those who have defaulted on their mortgage loans have an "equity of redemption," which permits mortgagors to redeem the property after default. Aurora Loan Services, Inc., v. Craddieth, 442 F.3d 1018, 1028 (7th Cir. 2006) (interpreting Illinois law). However, the Illinois Mortgage Foreclosure law provides that equitable redemption cannot be granted later than the foreclosure sale. 735 ILCS 5/15-1605 (West 2004). Section 16-1605 of the Illinois Mortgage Foreclosure law provides:

> "Equitable Right of Redemption. No equitable right of
> redemption shall exist or be enforced under or with respect to a
> mortgage after a judicial sale of the mortgaged real estate pursuant
> to Section 15-1507 or after entry of a judgment of foreclosure
> pursuant to Section[] 15-1402 or 15-1403." 735 ILCS 5/15-1605
> (West 2004).

1-06-0305

See also <u>First Illinois Nation Bank v. Hans</u>, 143 Ill. App. 3d 1033, 1037 (1986) ("[O]nce a foreclosure sale occurs, the equitable right to redemption ends").

In this case the deadline expired. The foreclosure sale occurred sometime between May 11 and May 31, 2005, and intervenor Pittman "purchased" the property on July 8, 2005, with the trial court denying Greenwich's motion to approve the foreclosure sale on November 23, 2005.

Intervenors Pittman and Argent argue that the "justice not otherwise done" provision in section 15-1508(b)(iv) of the Illinois Mortgage Foreclosure law permits a court to use its discretion to refuse to confirm a judicial foreclosure sale. 735 ILCS 5/15-1508(b)(iv) (West 2004). They argue that the payoff letter led them to believe that if the mortgage was paid off, the attorneys for Washington Mutual would "take appropriate action to obtain a dismissal of the action."

We recognize that a judicial foreclosure sale is not complete until is has been approved by the trial court. <u>Fleet Mortgage Corp. v. Deale</u>, 287 Ill. App. 3d 385, 388 (1997). A trial court is justified in refusing to approve a judicial sale if unfairness is shown that is prejudicial to an interested party. 735 ILCS 5/15-1508(b) (West 2004); <u>Fleet</u> 287 Ill. App. 3d at 388. Section 15-1508(b) of the Illinois Mortgage Foreclosure law provides: "Hearing. Upon motion and notice in accordance with court rules applicable to motion generally, which motion shall not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds * * * (iv) that justice was otherwise not done, the court shall then enter an order confirming the sale." 735 ILCS 5/15-1508(b) (West 2004). However, this section does not extend the deadline imposed by section 15-1605. Section 15-1603(c)(1) provides: "Once expired, the [statutory] right of redemption *** shall not be revived." 735 5/15-1603(c)(1) (West 2004). Further, section 15-

1-06-0305

1605 provides: "No equitable right of redemption shall exist or be enforceable under or with respect to a mortgage after a judicial sale of the mortgaged real estate ***." 735 ILCS 5/15-1605 (West 2004). In addition, the payoff letter informed intervenors Pittman and Argent that "foreclosure sale will nonetheless occur unless the loan is reinstated or paid off PRIOR TO the foreclosure sale as required by applicable law." Thus, intervenors Pittman and Argent were put on notice that a valid payoff could not occur because a foreclosure sale had already taken place. Accordingly, the trial court abused its discretion by refusing to confirm the judicial foreclosure sale.

Intervenors Pittman and Argent cite Commercial Credit Loans, Inc. V. Espinoza, 293 Ill. App. 3d 923 (1997), Fleet Mortgage Corp. v. Deale, 287 Ill. App. 3d 385 (1997), and Citicorp Savings v. First Chicago Trust Co., 269 Ill. App. 3d 293 (1995). These cases are not applicable to the case at bar because all of the events that led the courts to refuse to confirm the foreclosure sales occurred within the redemption periods, before the foreclosure sales, that is, before the deadlines. Commercial Credit Loans, 293 Ill. App. 3d at 927-28; Fleet Mortgage Corp., 287 Ill. App. 3d at 389; Citicorp, 269 Ill. App. 3d at 300-01. In this case the allegedly misleading payoff letter was given to intervenors Pittman and Argent well after the redemption period ended.

We also recognize that the judicial foreclosure sale yielded a much lower price than the purported private sale; $66,000 for the judicial foreclosure sale versus $110,000 for the private sale to intervenor Pittman. However, this does not change the fact that the purported sale occurred after the deadline. Further, as this court stated in Commercial Credit Loans, 293 Ill. App. 3d at 928, "[t]he sale price alone may not be enough to deny confirmation of a foreclosure sale."

1-06-0305

Finally, we observe that in a recent decision, another division of this district reached the opposite conclusion in a case involving nearly identical facts. In Mortgage Electronic Registration Systems, Inc. v. Thompson, No. 1-05-2720 (November 3, 2006), the plaintiff mortgagee filed a complaint for foreclosure of its mortgage on property owned by the defendant mortgagors. The court ordered a judgment of foreclosure and the property was sold at a judicial sale to the intervenor. Thereafter, the defendants were issued a payoff letter from the plaintiff. The defendants then entered a contract to sell the property to a third party. The court granted the defendants' motion to vacate the judgment of foreclosure and the judicial sale and dismissed the action.

On appeal, the sixth division noted that a trial court has broad discretion in approving or disapproving judicial sales. The court further noted that the purpose of Illinois foreclosure law is to protect equity in a property by allowing for redemption. The court found that the trial court had properly considered the interests of all parties in refusing to confirm the judicial sale and concluded that, "[b]ased on the fact that plaintiff issued a payoff letter which facilitated the sale of the property, two additional lienholders were paid off from the sale to the third-party purchaser, the third-party purchaser was spared the loss of the property and the mortgagor's equity was not forfeited." Mortgage Electronic Registration Systems, Inc., slip op. at 8. Accordingly, the court affirmed the trial court's judgment, stating that "[a]lthough we may not have come to the same conclusion as the circuit court in this case, we cannot say that it acted arbitrarily, without conscientious judgment or ignored principles of law resulting in substantial prejudice." Mortgage Electronic Registration Systems, Inc., slip op. at 8.

While we ordinarily give deference to cases decided by other divisions of this court, we

- 6 -

are not bound to follow those decisions. See People v. Primm, 319 Ill. App. 3d 411, 428 (2000) ("principles of *stare decisis* do not require us to follow precedent established by another division of the First District; *stare decisis* does not bind courts to follow decisions of equal courts"). We must disagree with the Mortgage Electronic Registration Systems court's reasoning and conclusion. First, the Mortgage Electronic Registration Systems court ignored the fact that, as discussed above, the Illinois Mortgage Foreclosure law provides that, after a foreclosure sale, a mortgagor no longer has a right of redemption. Second, in referring to the purpose of Illinois foreclosure law, the Mortgage Electronic Registration Systems court quoted Fleet Mortgage Corp., but ignored the fact that Fleet Mortgage Corp. specifically provides that the articulated purpose is "to protect the equity of a mortgagor by permitting mortgage redemptions *prior to forced sales*." (Emphasis added.) Fleet Mortgage Corp., 287 Ill. App. 3d at 389. Furthermore, though it cites Fleet Mortgage Corp. and Citicorp, the Mortgage Electronic Registration Systems court failed to note that those cases are distinguishable in that, as discussed above, in those cases, the circumstances which led the court to refuse to confirm the foreclosure sales occurred prior to the expiration of the redemption periods, not after the judicial sales of the property, as occurred in Mortgage Electronic Registration Systems and in this case.

For the above-stated reasons, we reverse the judgment of the circuit court of Cook County and remand this case with instructions that the circuit court confirm the judicial sale of the property.

Reversed and remanded.

THEIS, P.J., and KARNEZIS, J., concur.