SECOND DIVISION
FILED: May 8, 2007

No. 1-06-0517

| | |
|---|---|
| HOUSEHOLD BANK, FSB, ASSIGNEE OF EQUIFIRST CORPORATION, | ) APPEAL FROM THE CIRCUIT<br>) COURT OF COOK COUNTY<br>) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) No. 03 CH 14299 |
| JEWEL LEWIS and PROVINCETOWN IMPROVEMENT ASSOCIATION, | ) |
| | ) |
| Defendants-Appellees, | ) |
| | ) |
| GREENWICH INVESTORS XVI, LLC, | ) HONORABLE |
| | ) JESSE G. REYES, |
| Intervenor-Appellant. | ) JUDGE PRESIDING. |

JUSTICE HOFFMAN delivered the opinion of the court:

Intervenor-appellant, Greenwich Investors XVI, LLC, (Greenwich), appeals from an order of the circuit court of Cook County which vacated the judicial mortgage foreclosure sale of certain property to Greenwich, the highest bidder. The property had been foreclosed by plaintiff, Household Bank, FSB, after defendants, Jewel Lewis and Provincetown Improvement Association (mortgagors), defaulted on their mortgage.

The record shows that on August 27, 2003, plaintiff filed a foreclosure complaint against mortgagors regarding the single-family residence at 123 Williamsburg Road in Country Club Hills, Illinois. Neither mortgagor answered the complaint, and plaintiff moved for entry of a default judgment against them. The trial court granted plaintiff's motion on March 17, 2005, and entered a judgment of foreclosure and sale which provided that the statutory period of redemption would expire on June 17, 2005.

On May 20, 2005, a notice of public sale was filed announcing that the mortgaged property would be sold to the highest bidder on June 21, 2005. The judgment amount specified therein was $80,720.02, and on the date of the sale, Greenwich bid $48,071.

No. 1-06-0517

The record reflects that plaintiff filed a motion to approve the sale. The motion was continued on June 29, 2005, to allow mortgagors to attempt to negotiate a short sale. On July 13, 2005, however, plaintiff obtained leave to withdraw its motion to approve the sale over the objection of Greenwich, which had been granted leave to intervene. The court also granted Addie Glenn Tate, who had purchased the property from the mortgagors on July 7, 2005, leave to file a petition to intervene.

On August 1, 2005, plaintiff filed a motion to vacate the sale. Greenwich filed a response, claiming that plaintiff had failed to attach any documents in support of its allegation that on July 12, 2005, it had accepted $67,945 from the mortgagors. Greenwich further claimed that this case did not involve a settlement, but rather, an outright sale of the property to Addie Glenn Tate on July 7, 2005, and that a deed had been recorded on July 19, 2005.

On November 2, 2005, the trial court vacated the June 21, 2005, judicial sale, and ordered the selling officer to return the proceeds from that sale to Greenwich. Greenwich subsequently sought reconsideration of that order and, alternatively, requested damages against plaintiff based on the theory of tortious interference with prospective economic advantage. The trial court denied the motion to reconsider and, in this appeal, Greenwich contends that the judicial foreclosure sale should not have been vacated because "once a property goes to sale, it must be confirmed."

We note, initially, that plaintiff appears to argue that Greenwich has waived this issue on appeal because it failed to cite pertinent authority in support of its argument (210 Ill. 2d R. 341(h)(7)). We find that the issue was sufficiently raised and is not subject to forfeiture where Greenwich cited Aurora Loan Services, Inc. v. Craddieth, 442 F. 3d 1018 (7th Cir. 2006), in its opening brief and Mortgage Electronic Registrations Systems, Inc. v. Thompson, 368 Ill. App. 3d 1035 (2006), and Washington Mutual Bank, FA v. Boyd, 369 Ill. App. 3d 526 (2006), in its reply to plaintiff's arguments. See Lieb v. Judges' Retirement System of Illinois, 314 Ill. App. 3d 87, 96 (2000).

2

No. 1-06-0517

We also find that our review is not precluded by Greenwich's failure to state the applicable standard of review in violation of Supreme Court Rule 341(h)(3). 210 Ill. 2d R. 341(h)(3). The striking of an appellate brief is a harsh sanction and is appropriate only when the procedural violations interfere with or preclude review. Moomaw v. Mentor H/S, Inc., 313 Ill. App. 3d 1031, 1035 (2000). This is not such a case, and we turn to the merits of the appeal, reviewing the trial court's decision to set aside the judicial sale under the abuse of discretion standard. Northwest Diversified, Inc. v. Desai, 353 Ill. App. 3d 378, 386 (2004).

In this state, a judicial foreclosure sale is not complete until it has been approved by the trial court. Washington Mutual Bank, FA, 369 Ill. App. 3d at 1043. Section 15-1508(b) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1508(b) (West 2004)) provides that the trial court shall enter an order confirming the sale unless it finds that justice was not otherwise done. Washington Mutual Bank, FA, 369 Ill. App. 3d at 1043. Thus, a trial court is justified in refusing to approve a judicial sale if unfairness is shown that is prejudicial to an interested party. Washington Mutual Bank, FA, 369 Ill. App. 3d at 1043.

We note, however, that section 15-1508(b) does not revive the redemption period set forth in section 15-1605 (735 ILCS 5/15-1605 (West 2004) (no equitable right of redemption shall exist or be enforceable after a judicial foreclosure sale)) once it has expired (Washington Mutual Bank, FA, 369 Ill. App. 3d at 1042-43).

In this case, the statutory period of redemption expired on June 17, 2005, and the foreclosure sale to Greenwich occurred on June 21, 2005. Defendant-mortgagors took no action to exercise the right of redemption prior to the foreclosure sale, but sold the property to Addie Glenn Tate in a private sale after the expiration of the statutory redemption period. Subsequently, the trial court granted plaintiff leave to withdraw its motion to approve the judicial sale over the objection of Greenwich and ultimately vacated the sale.

3

Although we recognize that the judicial sale yielded a lower price than the private sale to Addie Glenn Tate, this does not change the fact that the private sale occurred after the deadline. Washington Mutual Bank, FA, 369 Ill. App. 3d at 1044.  Accordingly, we find that the trial court abused its discretion by refusing to confirm the judicial foreclosure sale.  Washington Mutual Bank, FA, 369 Ill. App. 3d at 1043.

In so finding, we disagree with the decision in Mortgage Electronic Registration Systems, Inc. where another division of this court ignored the fact that a mortgagor no longer has a right of redemption after a foreclosure sale, and relied on cases where the circumstances that led the trial court to refuse to confirm the foreclosure sales occurred before the expiration of the redemption periods, not afterwards, as here.  Washington Mutual Bank, FA, 369 Ill. App. 3d at 1044-45. Because we conclude that the trial court abused its discretion in refusing to confirm the judicial sale, we need not address Greenwich's alternative claim for damages.

Accordingly, we reverse the judgment of the circuit court of Cook County, and remand the cause with instructions that the circuit court confirm the judicial sale of the property.  Washington Mutual Bank, FA, 369 Ill. App. 3d at 1045.

Reversed and remanded.

WOLFSON, P.J., and SOUTH, J., concur.