PINNACLE CORPORATION, d/b/a Town and Country Homes, *et al.*, Plaintiffs-Appellees, v. THE VILLAGE OF LAKE IN THE HILLS *et al.*, Defendants (The City of Crystal Lake, Intervenor-Appellant).

Second District    No. 2—92—1453

Opinion filed March 8, 1994.

Michael E. Coppedge, of Cowlin, Ungvarsky, Curran & Coppedge, of Crystal Lake, for appellant.

Victor P. Filippini, Jr., and Peter M. Friedman, both of Burke, Bosselman & Weaver, of Chicago, and Richard G. Flood, of Zukowski, Rogers, Flood & McArdle, of Crystal Lake, for appellees.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

This appeal comes to us from a grant of summary judgment by the circuit court of McHenry County in favor of Pinnacle Corporation (the developer) and against the Village of Lake in the Hills (LITH) and various village officials. The City of Crystal Lake (Crystal Lake) was allowed to intervene in the action, and it is the appealing party. The circuit court's order required LITH officials to execute a final plat of subdivision. We affirm.

The developer's verified complaint alleges the following: the developer owns 311 acres of real property at the southwest corner of Miller Road and Randall Road in McHenry County. The developer plans to build single-family homes and townhomes on the land.

On May 6, 1992, the developer and LITH entered into an annexation agreement whereby LITH would annex the 311 acres. Prior to executing the annexation agreement, LITH had granted preliminary approval for a planned-unit development on the property. The annexation agreement allowed the developer to submit for approval final plats of subdivision for individual phases of the development, instead of submitting a single final plat for the entire development.

On or before August 13, 1992, the developer submitted to LITH its final plat and related engineering plans for the first phase of the development. LITH's engineering consultant recommended that the engineering plans be approved in an August 26, 1992, letter to LITH's president and its board of trustees. On October 22, 1992, the LITH village board voted to approve the final plat and authorized the LITH president and clerk to sign it. LITH officials have refused to sign the final plat or deliver it to the developer for recording. The developer sought an order requiring recordation of the final plat and awarding damages, and a writ of *mandamus* requiring LITH officials to execute the final plat and deliver it to the developer.

Crystal Lake filed a petition to intervene, alleging that it had ju-

risdiction over a portion of Miller Road pursuant to an intergovernmental agreement between Crystal Lake and LITH. The means of ingress and egress to the developer's subdivision is via Miller Road, over the portion within Crystal Lake's jurisdiction. Crystal Lake has a duty to evaluate safety issues on Miller Road. Crystal Lake alleged that its rights with regard to Miller Road would be prejudiced if it were not allowed to intervene. Crystal Lake's motion was granted.

Crystal Lake then filed an unverified answer to the developer's complaint, raising three affirmative defenses. LITH filed a verified answer. LITH alleged that its officials refused to sign the final plat because the developer agreed in the annexation agreement to improve Miller Road in accordance with plans and specifications agreed to by both LITH and Crystal Lake. As of the date of LITH's answer, LITH and Crystal Lake had not agreed on the improvements necessary for Miller Road. LITH also alleged that, according to the intergovernmental agreement between it and Crystal Lake, it and Crystal Lake agreed to cause improvements to be made in a uniform and consistent manner to arterial roads, including Miller Road. If the parties' standards differed, the road was to be improved to the stricter standard. LITH also alleged that, within 60 days of its receipt of the final plat, it notified the developer of various corrections to the plat and of Crystal Lake's objections to the plat and, thus, the reasons for refusing to execute the plat.

On December 8, 1992, the developer filed a motion for summary judgment, alleging that LITH did not approve the final plat within 60 days, as is required by the Illinois Municipal Code (65 ILCS 5/11—12—8 (West 1992)). The developer sought an order requiring the McHenry County recorder to record the final plat and a writ of *mandamus* requiring LITH officials to execute and deliver the final plat. Attached to the summary judgment motion was the affidavit of Paul D. Leder, the developer's consulting engineer. Mr. Leder averred that he met with Crystal Lake representatives on January 29, 1992, to discuss improvements to Miller Road. Based on those discussions, Leder's engineering firm drew up final engineering plans for Miller Road, which were sent to Crystal Lake by messenger on or about May 26, 1992. Leder received a courier service invoice confirming delivery to Crystal Lake on May 28, 1992.

On June 19, 1992, Crystal Lake sent a letter to the developer, copied to Leder, stating that Crystal Lake was reviewing the final engineering plans and was waiting for the submission of a traffic study evaluating the impact on Miller Road of present and future developments to the west of LITH. Leder communicated with Crystal Lake officials between May 28, 1992, and September 1, 1992, and

Crystal Lake never informed Leder that the final engineering plans failed to comply with safety or access control standards. The first written notice received by Leder from Crystal Lake concerning the sufficiency of the final engineering plans was a letter from Crystal Lake's city manager dated September 18, 1992.

The trial court granted the developer's summary judgment motion. Both the trial court and this court denied motions to stay the enforcement of the judgment pending appeal.

Crystal Lake argues in this court that factual questions exist as to whether the developer complied with the Plat Act (765 ILCS 205/2 (West 1992)) and whether LITH complied with its plat approval obligations under the Municipal Code. The developer contends that the case is moot because the final plat has already been recorded and the developer has sold subdivided lots to third parties. Additionally, the developer argues that summary judgment was properly granted on the record.

■ We reject the developer's argument that Supreme Court Rule 305(i) (134 Ill. 2d R. 305(i)) renders the case moot. Rule 305 governs stays of judgments pending appeal. Subpart (i) is titled "Effect on Interests in Property of Failure to Obtain Stay" and states, in pertinent part:

"If a stay is not perfected within 30 days of the entry of the judgment appealed from, or within any extension of time granted under subparagraph (a)(2) of this rule, the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed ***." 134 Ill. 2d R. 305(i).

"[I]n the absence of a stay, an appeal is moot if possession or ownership of specific property which is inextricably involved in the relief being sought on appeal has been conveyed to third parties." (*Horvath v. Loesch* (1980), 87 Ill. App. 3d 615, 619.) The developer states that after the final plat was recorded and as of January 10, 1993, it had transferred title to eight residences, contracted for the sale of 28 additional residences, and had a total of 38 residences under construction on lots within the first phase of the development.

However, the above rule does not apply unless the record discloses that the third-party purchasers of the property are not parties to the litigation or nominees of parties. (*Meeker v. Payne* (1981), 101 Ill. App. 3d 723, 727.) The record in this case contains no information about the purchasers of the subdivision lots. Consequently, the above rule does not apply, and the appeal is not moot.

At issue is whether summary judgment was properly granted for

the developer. The trial court should grant summary judgment when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (735 ILCS 5/2—1005(c) (West 1992); *Gonzalez v. State Farm Mutual Automobile Insurance Co.* (1993), 242 Ill. App. 3d 758, 761.) If plaintiff is the movant, it must present facts sufficient to support the elements of its claim. (*Makowski v. City of Naperville* (1993), 249 Ill. App. 3d 110, 119.) We review the trial court's decision to grant summary judgment *de novo. Gonzalez,* 242 Ill. App. 3d at 761-62.

■ In this case, Crystal Lake did not file a verified answer to the developer's verified complaint. Under section 2—605 of the Civil Practice Law (735 ILCS 5/2—605(a) (West 1992)), when a pleading is verified, every subsequent pleading must also be verified unless verification is excused by the court. There is no allegation that verification was excused by the court. When a subsequent pleading is not verified, it is as if the unverified pleading was never filed; it must be disregarded. (*Charter Bank v. Eckert* (1992), 223 Ill. App. 3d 918, 924; *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 308.) Consequently, we must ignore the allegations in Crystal Lake's unverified answer. Moreover, a failure to file an answer results in well-pleaded facts being deemed admitted. (*Florsheim,* 75 Ill. App. 3d at 309.) We are left to consider the developer's verified complaint, LITH's verified answer, their respective exhibits, and Paul Leder's affidavit.

The Municipal Code provides, in pertinent part:

> "When a person submitting a plat of subdivision or resubdivision for final approval has supplied all drawings, maps and other documents required by the municipal ordinances to be furnished in support thereof, and if all such material meets all municipal requirements, the corporate authorities shall approve the proposed plat within 60 days from the date of filing the last required document or other paper or within 60 days from the date of filing application for final approval of the plat, whichever date is later. The applicant and the corporate authorities may mutually agree to extend the 60 day period." 65 ILCS 5/11—12—8 (West 1992).

The Plat Act provides that a village shall not approve a final plat without the written approval of the relevant local highway authority (here, Crystal Lake). (765 ILCS 205/2 (West 1992).) The Plat Act gives the relevant local highway authority 90 days from the date it receives the application for preliminary approval of the proposed plat to

approve or disapprove the plat based solely on safety or access control standards. (765 ILCS 205/2 (West 1992).) If the relevant local highway authority does not make a decision within the 90-day period, the Plat Act gives the village the authority to approve the plat. 765 ILCS 205/2 (West 1992).

The record before the trial court establishes the developer's right to summary judgment. The developer submitted its final engineering plans to Crystal Lake on May 28, 1992. Crystal Lake began its review of the plans, apparently satisfied with the developer's submission, even though the developer did not submit an application for preliminary approval of a proposed plat, as is required by the Plat Act (765 ILCS 205/2 (West 1992)). Crystal Lake had 90 days, until August 26, 1992, to review the plans and render a decision.

On August 13, 1992, the developer submitted the final plat to LITH. LITH had 60 days, until October 12, 1992, to render a decision under the Municipal Code. (65 ILCS 5/11—12—8 (West 1992).) LITH should have received Crystal Lake's decision on or before August 26, 1992. There is no evidence or allegation that Crystal Lake disapproved the plans in writing within 90 days, as it was required to do. (765 ILCS 205/2 (West 1992).) Under the Plat Act, LITH had the option and the authority to approve the plat following the expiration of Crystal Lake's 90-day period without a decision by Crystal Lake. LITH's village board approved the final plat on October 22, 1992, 10 days after its 60-day review period ran and 57 days after Crystal Lake's 90-day review period ran.

Crystal Lake argues that the developer has failed to show that its plat met "all municipal requirements" as required for approval under the Municipal Code (see 65 ILCS 5/11—12—9 (West 1992)). Crystal Lake points to the paragraph in LITH's verified answer stating that LITH notified the developer within 60 days of its receipt of the plat of "various corrections to the Plat, as well as [Crystal Lake's] objections to the Plat." Crystal Lake contends that a material issue of fact thus exists as to whether the developer's plat complied with municipal requirements. However, LITH's board subsequently approved the plat. LITH did not appeal in this case. Thus, LITH does not, and cannot, argue the invalidity of the board's vote. Additionally, Crystal Lake does not argue that the decision of LITH's board was improper or ineffective.

Under the Plat Act, LITH had the authority to approve the plat if Crystal Lake did not render a timely decision as the relevant highway authority. On the record before us, that is what happened. The trial judge correctly granted summary judgment to the developer. Crystal Lake's remaining arguments are all based on allegations in

its unverified answer. As noted, those allegations are not properly before us, and, thus, neither are Crystal Lake's remaining arguments.

For the foregoing reasons, we affirm the judgment of the circuit court of McHenry County.

Affirmed.

GEIGER and COLWELL, JJ., concur.