22 October 1999

No. 2--98--1041

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

MARREN BUILDERS, INC., ) Appeal from the Circuit

) Court of Du Page County.

)

Plaintiff-Appellant, ) No. 96--CH--1046

)

)

)

)

THOMAS LAMPERT and )

JANE LAMPERT, )

)

)

Defendants-Appellees ) 

)

(Gary-Wheaton Bank, St. Paul )

 Federal Savings and Loan )

 Association, MidAmerica Federal )

 Savings and Loan Association, )

 ITT Small Business Finance        ) 

 Corporation, and Other Unknown ) Honorable

 Owners and Lienholders, ) Bonnie M. Wheaton,

 Defendants).                      ) Judge, Presiding.

_________________________________________________________________

Modified Upon Denial of Rehearing

JUSTICE HUTCHINSON delivered the opinion of the court:

This appeal arises from a default judgment order granted in favor of defendants, Tom and Jane Lampert, and against plaintiff, Marren Builders, Inc., on defendants' counterclaim.  The trial court's order also dismissed plaintiff's complaint for want of prosecution.  Plaintiff contends that the trial court abused its discretion in denying its subsequent motion to vacate and reopen discovery. We affirm.

The record on appeal reflects that in November 1996 plaintiff filed a verified complaint against defendants, Tom Lampert, Jane Lampert, Gary-Wheaton Bank, St. Paul Federal Savings and Loan Association, MidAmerica Federal Savings and Loan Association, ITT Small Business Finance Corporation, and other unknown owners and lienholders, to foreclose on a mechanic's lien and seek $33,825 in damages for breach of contract.  Tom and Jane Lampert are the only defendants remaining as parties to this appeal.  In December 1996 defendants Tom and Jane Lampert (defendants) filed their verified answer and affirmative defenses to plaintiff's complaint.  Defendants also filed a verified counterclaim against plaintiff for breach of contract, seeking damages of $20,562.  In February 1997 plaintiff filed its unverified answer to defendants' affirmative defenses and filed its unverified answer to defendants' counterclaim.

In June 1997 upon plaintiff's motion, the trial court continued a scheduled case management conference.  In July 1997 the trial court continued the parties' status hearing to November 1997.  On October 30, 1997, defendants filed a motion to compel plaintiff to comply with their written discovery requests--interrogatories and request for production of documents--and the trial court ordered plaintiff to do so by November 14, 1997.

On November 17, 1997, the trial court dismissed plaintiff's cause of action for want of prosecution and set a hearing date for December 17, 1997, on defendants' counterclaim.  On December 15, 1997, plaintiff filed a motion to vacate the trial court’s dismissal order.  On December 17, the trial court entered an order granting defendants a default judgment against plaintiff on defendants’ verified counterclaim and setting the matter for prove-

up on defendants’ verified counterclaim on January 22, 1998.  On January 16, 1998, plaintiff filed its motion to vacate the default judgment entered against it on defendants’ counterclaim.

On January 22, 1998, counsel for plaintiff appeared for a hearing before the trial court.  The trial court’s order reflects that the November 17, 1997, dismissal for want of prosecution was vacated and plaintiff’s complaint was reinstated, and the December 17, 1997, default on defendants’ counterclaim was vacated.  The trial court also ordered plaintiff to respond to defendants’ discovery requests by February 2, 1998, and granted defendants leave to file a petition for fees.  The trial court set the case for trial on May 12, 1998.

On February 17, 1998, defendants filed a motion for default judgment and sanctions, based on plaintiff’s failure to comply with defendants’ discovery requests and the trial court’s orders regarding plaintiff’s compliance with discovery.  The trial court’s order of the same date reflects that the matter was set for hearing on March 3, 1998.

On March 3, 1998, the trial court entered an order continuing the hearing and argument to March 10, 1998.  The trial court’s order also states that "[p]laintiff or its attorney is to be prepared for argument, 
and
 must appear.  There will be no further continuances.  Further, if plaintiff fails to appear[,] defendants’ motion will be granted 
sua sponte
."  (Emphasis in original.)

On March 10, 1998, the trial court denied defendants’ motion for a default judgment but granted their motion for sanctions.  The trial court ordered plaintiff to pay defendants $1,800 for attorney fees.

On May 7, 1998, defendants filed a motion for sanctions against plaintiff based on plaintiff’s allegedly nonresponsive and incomplete answers to defendants’ interrogatories.  Defendants requested sanctions, including dismissing plaintiff’s complaint, barring plaintiff from introducing any evidence not previously disclosed, and reasonable attorney fees.  In its written order dated May 7, the trial court barred plaintiff from introducing evidence not previously disclosed in its answers to defendants’ interrogatories.

On May 12, 1998, the date set for trial, neither plaintiff nor plaintiff's counsel appeared.  The trial court dismissed counts I and II of plaintiff’s complaint for want of prosecution.  The trial court entered judgment in favor of defendants on their counterclaim and against plaintiff in the amount of $20,562 plus costs.  The order also stated that there was no reason to delay enforcement or appeal of the judgment.

On May 22, 1998, plaintiff filed motions to substitute counsel, vacate the May 12 judgment, and reopen discovery.  Plaintiff attached an affidavit from Brian Marren, its president.  Marren stated that he had retained attorney Derek Edens to handle the litigation and he had telephone conferences with Edens regarding the status of the litigation.  Marren stated that he received defendants’ discovery requests, to which he promptly responded, and returned them to Edens.  Marren received a correspondence from Edens on May 13, 1998, in which Edens notified Marren that he was quitting the practice of law due to financial and personal disasters.

On June 30, 1998, the trial court conducted a hearing on plaintiff's motions.  Following arguments of counsel, the trial court denied plaintiff’s motion to vacate the order of dismissal for want of prosecution entered on plaintiff’s complaint.  It also denied plaintiff’s motion to vacate the judgment entered in favor of defendants on their counterclaim.  Plaintiff timely appeals.

Plaintiff first contends that the trial court erred when it sanctioned plaintiff by barring it from introducing at trial evidence that it had not previously disclosed in its earlier answers to defendants' discovery.  Defendants counter that this issue is waived.  We agree with defendants.

We find that plaintiff's argument was not specifically raised throughout the pendency of the litigation or in any of its posttrial motions.  One of its motions was entitled "Motion to Vacate and Motion to Reopen Discovery," but that motion does not specifically address or challenge the May 7, 1998, order.  The record fails to reflect that plaintiff at any time challenged the trial court's order that sanctioned plaintiff based on its noncompliance with defendants' discovery requests.  Accordingly, the issue is waived and we decline to address it.  See 
Doe v. Lutz
, 281 Ill. App. 3d 630, 641 (1996).

Plaintiff next contends that the trial court erred in denying its motion to vacate the trial court's May 12, 1998, order dismissing plaintiff's complaint for want of prosecution.  Generally, a dismissal for want of prosecution is not a final and appealable order.  
Bowers v. Village of Palatine
, 204 Ill. App. 3d 135, 137 (1990).  However, our supreme court has recently held that, upon the expiration of a plaintiff's opportunity to refile the case pursuant to section 13--217 of the Code of Civil Procedure (the Code) (735 ILCS 5/13--217 (West 1998)), a dismissal for want of prosecution constitutes a final and appealable order.  
S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander
, 181 Ill. 2d 489, 491 (1998).

If a plaintiff's action is dismissed for want of prosecution, section 13--217 of the Code provides that the plaintiff may refile the action within one year of the entry of the dismissal order or within the remaining period of limitations, whichever is greater.  735 ILCS 5/13--217 (West 1998).  The dismissal order in this case was entered on May 12, 1998, and, therefore, at the time plaintiff filed its notice of appeal on August 10, 1998, its right to refile under section 13--217 had not yet expired.  See 
Timberlake v. Illini Hospital
, 175 Ill. 2d 159, 163 (1997); 
Flesner v. Youngs Development Co.
, 145 Ill. 2d 252, 254-55 (1991).  Therefore, the dismissal order was not a final order.  The trial court's use of Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) language does not affect our conclusion because a trial court's Rule 304(a) finding cannot make a nonfinal order appealable.  See 
Blott v. Hanson
, 283 Ill. App. 3d 656, 660 (1996).  The dismissal order in this case was not a final and appealable order; therefore, we have no jurisdiction to entertain this portion of the trial court's order.

Plaintiff lastly contends that the trial court erred in denying its motion to vacate the trial court's May 12, 1998, order granting a default judgment on defendants' counterclaim and awarding defendants $20,562 and costs.  The decision to grant or deny a motion to vacate a default judgment lies within the sound discretion of the trial court, and we will reverse only if the trial court abused its discretion.  
Merchants Bank v. Roberts
, 292 Ill. App. 3d 925, 930 (1997).

The primary concern in ruling on a motion to vacate is whether substantial justice is being done between the litigants and whether it is reasonable under the circumstances to proceed to trial on the merits.  
Merchants Bank
, 292 Ill. App. 3d at 930.  A trial court has abused its discretion when it acts arbitrarily without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted.  
Merchants Bank
, 292 Ill. App. 3d at 930, citing 
Venzor v. Carmen's Pizza Corp.
, 235 Ill. App. 3d 1053, 1059 (1992).  Other factors considered in determining whether the judgment should be vacated include the presence of a meritorious defense, due diligence, the residence of the nonmovant, the severity of the penalty as a result of the judgment, and the hardship on the nonmovant if that party is required to go to trial.  
Merchants Bank
, 292 Ill. App. 3d at 930.

In denying plaintiff's motion to vacate, the trial court stated:

"[A] litigant has an independent obligation to follow the progress of a litigation and not to simply leave everything in the hands of the attorney.

I would be much more sympathetic to the motion to vacate if this case had not already been subject to one dismissal of want of prosecution on November 17, 1997, [plaintiff's] original complaint; and an order of default which was entered a month later on December 17th.  That order of default and dismissal for want of prosecution was subsequently vacated.

The matter was set for trial several times.  1,800 [dollars] was awarded as sanctions for failures to comply with previous court orders and the affidavit of Mr. Marren is devoid of any allegations that he inquired of the status of his case, that he, while he was aware of any of these dates, and I think it's simply insufficient.

I believe that the number of times this case has been up and I have called it, [defendants] have been here on *** more than one occasion.

***

I think that substantial justice would require that I deny the motion to vacate.

I think that Mr. Marren has not demonstrated either by affidavit or by appearances before the Court or in any other way, shape, or form that he has followed the progress of this litigation which he himself put into motion."

Initially, we note that plaintiff failed to file a verified answer to defendants' verified counterclaim.  Under section 2--605 of the Civil Practice Law (735 ILCS 5/2--605 (West 1998)), when a pleading is verified, every subsequent pleading must also be verified unless the trial court excuses the verification.  
Pinnacle Corp. v. Village of Lake in the Hills
, 258 Ill. App. 3d 205, 209 (1994).  When a subsequent pleading is not verified, the court must regard the unverified pleading as if it was never filed.  
Pinnacle Corp.
, 258 Ill. App. 3d at 209.  Here, there is no indication in the record that the trial court excused the verification.  Therefore, we must ignore the allegations in plaintiff's unverified answer, and defendants' well-pleaded facts are deemed admitted.  See 
Pinnacle Corp.
, 258 Ill. App. 3d at 209.  Accordingly, we determine no need existed for the trial court to take evidence in this proceeding.

In the present case, the record clearly reflects that neither plaintiff nor plaintiff's counsel acted with due diligence in ascertaining the status of this matter that they themselves "put into motion."  Once the first dismissal for want of prosecution was entered and the first default judgment was entered in favor of defendants on their counterclaim, plaintiff and its counsel were certainly on notice that plaintiff's cause of action was in jeopardy and that plaintiff could be found liable on the counterclaim for $20,562.  Although plaintiff's current counsel appears to be diligent, we must focus our review on the events that led up to the dismissal for want of prosecution, beginning when plaintiff filed its complaint.  We also note that the March 3, 1998, order continuing the hearing and argument specifically instructed plaintiff that "[p]laintiff or its attorney is to be prepared for argument, 
and
 must appear.  There will be no further continuances."  (Emphasis in original.)  Moreover, the trial court warned, "if plaintiff fails to appear[,] defendants’ motion will be granted 
sua sponte
."

The trial court correctly stated that plaintiff had an independent obligation to follow its own case (see 
Lammert v. Lammert Industries, Inc.
, 46 Ill. App. 3d 667, 674 (1977)) and not blindly leave everything in the hands of its attorney (see 
Salazar v. Wiley Sanders Trucking Co.
, 216 Ill. App. 3d 863, 872 (1991)).  The record reflects that Mr. Marren has some measure of sophistication regarding the system of legal dispute resolution, as the letter from Edens to Mr. Marren indicates that Mr. Marren has retained another attorney in another litigation.  The affidavit Mr. Marren presented was also insufficient to excuse plaintiff's conduct of failing to appear on status dates and hearings, failing to respond to motions to compel, being sanctioned for discovery violations, and failing to appear for trial when specifically ordered by the trial court to do so.  See 
Wilkin Insulation Co. v. Holtz
, 186 Ill. App. 3d 151 (1989) (stating that defendant's pattern of deliberate delay and repeated disobedience of the trial court's orders resulted in substantial hardship and injustice to the plaintiff, and thereby upholding the trial court's order of default against the defendant).

The record also reflects that the trial court clearly considered whether substantial justice was being done to the parties.  The trial court particularly noted plaintiff's lack of diligence and the hardship to defendants in the event it granted plaintiff's motion to vacate.  At the hearing on plaintiff's motion to vacate, the trial court also heard arguments on plaintiff's lack of a meritorious defense and the severity of the penalty from the default judgment.  Based on our review of the record, we conclude that the trial court did not abuse its discretion by denying plaintiff's motion to vacate.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

THOMAS, J., concurs.

JUSTICE INGLIS, specially concurring:

While I concur with the majority in the result of this case as being correct under the law, I am nevertheless troubled that we are countenancing a grave injustice.

The majority correctly notes that a party is obligated to follow the progress of its own case and may not blindly trust in its attorney to handle all of the details of the litigation.  Yet institutionally, the legal system is organized to foster a party's almost total reliance on its attorney to navigate through the litigation process.  The fact that attorneys are licensed and obligated to follow written rules of professional conduct ordinarily vindicates this forced reliance.  In a case such as this one, in which plaintiff's attorney so flagrantly and completely abandoned his client, our assumptions tend to break down.  Are we sure that plaintiff's attorney was truthfully communicating the status of the case to plaintiff?  Are we confident that the trial court's March 3, 1998, order requiring plaintiff's presence at the next hearing was duly passed from the attorney to plaintiff?  Sadly, it is entirely reasonable and possible that plaintiff was actively misled by its attorney, lulled into a belief that all was well until it received its attorney's abrupt resignation, especially since, despite being earlier defaulted, it continued to retain the attorney in this litigation.

This court is constrained to follow the law as it exists and, in this case, it has.  The law in this case, however, leads to an unjust result.  Therefore, I respectfully suggest that our supreme court review the circumstances of this case as it relates to the unfortunate presumption that a party is responsible for the misdeeds and incompetence of its counsel.