NOTICE
Decision filed 10/28/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200122-U

NO. 5-20-0122

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| LAMARK T. BARR, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Johnson County. |
| | ) | |
| v. | ) | No. 19-MR-81 |
| | ) | |
| TERRY GRISSOM, Warden of Vienna | ) | |
| Correctional Center, | ) | Honorable |
| | ) | James R. Williamson, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Wharton and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court properly dismissed the plaintiff's complaint for *mandamus*.

¶ 2    The plaintiff, Lamark T. Barr, appeals *pro se* the dismissal of his complaint for *mandamus* relief wherein he alleged that the defendant has incorrectly calculated his term of incarceration. The judgment of the circuit court is affirmed.

¶ 3                              BACKGROUND

¶ 4    On October 22, 2002, the plaintiff pled guilty to aggravated criminal sexual assault (720 ILCS 5/12-14(a)(4) (West 2002)) and was sentenced to 25 years' imprisonment.

1

¶ 5     On October 23, 2019, the plaintiff filed a petition for *mandamus* arguing that the defendant was improperly requiring him to serve 85% of his sentence rather than 50%. The plaintiff maintained that according to his plea agreement and the truth-in-sentencing statute in effect at the time of sentencing, he was eligible for day-for-day sentence credit.

¶ 6     On December 30, 2019, the plaintiff filed a request for default judgment, alleging that the defendant had failed to file an answer. The plaintiff sought to be released, arguing that he had served 50% of his 25-year sentence.

¶ 7     On January 23, 2020, the defendant filed a response to the request for default judgment and a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)). Regarding the request for default judgment, the defendant argued that default judgments are not favored, that the defendant had responded promptly and in good faith as soon he became aware of the plaintiff's complaint, and that the plaintiff's request for a default judgment had not been filed as a last resort. In his motion to dismiss and accompanying memorandum, the defendant argued that the plaintiff had failed to state a cause of action for *mandamus* relief because he was required by statute to serve 85% of his sentence.

¶ 8     The court agreed with the defendant, denied the request for default judgment, and granted the defendant's motion to dismiss. The plaintiff appeals.

¶ 9                                        ANALYSIS

¶ 10    On appeal, the plaintiff argues that the circuit court erred in denying his request for default judgment and dismissing his *mandamus* complaint, that its order(s) should be vacated, and that he should be released immediately. We do not agree.

2

¶ 11     We begin by noting our standard of review on a motion to dismiss. "The grant of a motion to dismiss for a failure to state a cause of action filed pursuant to section 2-615 or a motion for an involuntary dismissal based on defects or defenses in the pleadings pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2014)) is subject to *de novo* review." *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 433 (2007) (citing *White v. DaimlerChrysler Corp.*, 368 Ill. App. 3d 278, 282 (2006)). "Where the dismissal was proper as a matter of law, we may affirm the circuit court's decision on any basis appearing in the record." *Id.* (citing *MKL Pre-Press Electronics/MKL Computer Media Supplies, Inc. v. La Crosse Litho Supply, LLC*, 361 Ill. App. 3d 872, 877 (2005)).

¶ 12     "*Mandamus* is an extraordinary civil remedy that will be granted to enforce, as a matter of right, the performance of official nondiscretionary duties by a public officer." *Id.* (citing *Lee v. Findley*, 359 Ill. App. 3d 1130, 1133 (2005)). "A *mandamus* action is not an appropriate means for seeking judicial review of an administrative proceeding." *Id.* (citing *Newsome v. Prison Review Board*, 333 Ill. App. 3d 917, 920 (2002)). "*Mandamus* will issue only where the plaintiff has fulfilled his burden (see *Mason v. Snyder*, 332 Ill. App. 3d 834, 840 *** (2002)) to set forth *every* material fact needed to demonstrate that (1) he has a clear right to the relief requested, (2) there is a clear duty on the part of the defendant to act, and (3) clear authority exists in the defendant to comply with an order granting *mandamus* relief." (Emphasis in original.) *Id.* at 433-34 (citing *Baldacchino v. Thompson*, 289 Ill. App. 3d 104, 109 (1997)). "Because Illinois is a fact-pleading jurisdiction, a plaintiff is required to set forth a legally recognized claim and plead facts in support of

3

each element that bring the claim within the cause of action alleged." *Id.* at 434 (citing *Beahringer v. Page*, 204 Ill. 2d 363, 369 (2003)). "To survive a motion to dismiss for the failure to state a cause of action, a complaint must be both legally and factually sufficient." *Id.* "A writ of *mandamus* is appropriate when used to compel compliance with mandatory legal standards but not when the act in question involves the exercise of a public officer's discretion." *McFatridge v. Madigan*, 2013 IL 113676, ¶ 17.

¶ 13 In this case, the plaintiff argues that he should have received a day-for-day good-conduct credit (50% time) on his sentence.

¶ 14 At the time of sentencing, section 3-6-3 of the Unified Code of Corrections provided in pertinent part:

> "a prisoner serving a sentence for attempt to commit first degree murder, solicitation of murder, solicitation of murder for hire, intentional homicide of an unborn child, predatory criminal sexual assault of a child, *aggravated criminal sexual assault*, criminal sexual assault, aggravated kidnapping, aggravated battery with a firearm, heinous battery, aggravated battery of a senior citizen, or aggravated battery of a child shall receive no more than 4.5 days of good conduct credit for each month of his or her sentence of imprisonment." (Emphasis added.) 730 ILCS 5/3-6-3(a)(2)(ii) (West 2002).

¶ 15 Because the plaintiff's argument is refuted by the clear language of the statute in place at the time of his arrest, conviction, and sentencing, it fails. Therefore, the defendant's motion to dismiss was properly granted.

¶ 16 In response to the plaintiff's request for default judgment, a circuit court's decision whether to grant or deny a motion for default judgment is reviewed for an abuse of discretion. *Dupree v. Hardy*, 2011 IL App (4th) 100351, ¶ 51 (citing *Jackson v. Bailey*, 384 Ill. App. 3d 546, 548 (2008)). "A trial court abuses its discretion 'when it acts arbitrarily

4

without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted.' *Mann v. Upjohn Co.*, 324 Ill. App. 3d 367, 377 *** (2001) (citing *Marren Builders, Inc. v. Lampert*, 307 Ill. App. 3d 937, 941 *** (1999))." *Id.* "A trial court should deny a motion for default judgment when it results in the denial of substantial justice." *Id.* ¶ 57 (citing *Rockford Housing Authority v. Donahue*, 337 Ill. App. 3d 571, 574 (2003)).

¶ 17    In this case, the court found reasonable the defendant's explanation of delay—an admitted oversight on his part to forward the paperwork to the Attorney General. Additionally, to hold otherwise would have been against that which is statutorily required—the plaintiff serving 85% of his sentence for aggravated criminal sexual assault. Because his claim was in opposition to statute, and not a nondiscretionary task as required by *mandamus*, it was not a valid claim.

¶ 18    Based on the foregoing, we conclude that the circuit court did not err in granting dismissal of the plaintiff's *mandamus* complaint.

¶ 19                                    CONCLUSION

¶ 20    For the foregoing reasons, the judgment of the circuit court of Johnson County is affirmed.


¶ 21    Affirmed.