In re ESTATE OF JASON MICHAEL GRIFFIN, Deceased (Boyd H. McGathey, *et al.*, v. Jason Michael Griffin *et al.*; Debra Ann McGathey, Petitioner-Appellee; Robert H. Griffin, Respondent-Appellant).

Fifth District   No. 5—85—0832

Opinion filed September 17, 1987.

Crowder & Scoggins, Ltd., of Columbia (Floyd E. Crowder and Mark R. Osland, of counsel), for appellant.

Cook, Shevlin & Keefe, Ltd., of Belleville (Joseph A. Bartholomew, of counsel), for appellee.

JUSTICE LEWIS* delivered the opinion of the court:

Jason Michael Griffin, age six, died intestate on July 22, 1985. The deceased child had been the subject of a contested adoption brought by his mother, Debra Ann McGathey (petitioner-appellee), and her second husband, Boyd H. McGathey. In the adoption proceeding, the trial court entered an order terminating the parental rights of the child's natural father, Robert H. Griffin (respondent-appellant), after finding, by clear and convincing evidence, that the respondent was an unfit parent. Before the adoption was completed, the child died leaving an estate of approximately $3,900,000, which represented a settlement for injuries the child sustained at birth. On the basis of the interim order in the adoption case, the trial court sitting in probate entered an order finding that the respondent was not an heir of the deceased child. The respondent has appealed both the interim order in the adoption case and the order finding heirship.

The instant case is a consolidation of four cases heard in the trial

---

*Justice Lewis replaces Justice Jones, who retired after the cause was taken under advisement.

court of St. Clair County. Upon consolidation, the trial court assigned a new docket number of 85—P—747 to the consolidated file. For purposes of this opinion, these cases will be referred to by their original docket numbers, which were retained as separate parts of the consolidated file. These cases are as follows:

(1) Estate of Jason Michael Griffin, a minor, No. 81—P—798.

This is the ongoing guardianship file of the minor during his lifetime. In this cause a settlement of the personal injury case was approved.

(2) Boyd H. McGathey *et al.*, v. Jason Michael Griffin *et al.*, No. 84—F—51.

This is the adoption case in which an interim order was entered terminating the parental rights of the father. This case was later dismissed but has been appealed from in connection with the validity of the interim order.

(3) Debra Ann McGathey v. Boyd H. McGathey, No. 85—D—475.

This is the dissolution of marriage case between the purported adoptive parents in No. (2) above and is joined in this appeal for purposes of the record.

(4) Estate of Jason Michael Griffin, No. 85—P—475.

This is the case opened on the estate of the deceased minor after his death at six years of age. The respondent is appealing from an order declaring heirship in this case, which omits him as an heir based on the ruling in the interim order of case No. 84—F—51.

The following is a chronology of the significant occurrences in this case. On August 24, 1978, Jason Michael Griffin was born with severe brain damage to Robert and Debra Griffin. Shortly thereafter suit was brought on the child's behalf. A settlement was reached on October 8, 1981. In August 1979, the child's parents were divorced, and on August 22, 1981, Debra Ann Griffin married her second husband, Boyd McGathey.

On May 8, 1984, Debra Ann McGathey and Boyd McGathey filed a petition for adoption of the child. During the adoption proceeding, the trial court, on December 19, 1984, entered an interim order terminating the parental rights of the child's father, Robert Griffin. Subsequently, on April 11, 1985, Debra Ann McGathey and Boyd McGathey were divorced.

On July 22, 1985, the minor child, Jason Michael Griffin, died at the age of six. On September 10, 1985, Robert H. Griffin filed a motion to dismiss the adoption proceeding, which was still pending, on

the grounds that the child to be adopted had died and that the petitioners in adoption, Debra and Boyd McGathey, had become divorced. On October 21, 1985, Debra and Boyd McGathey filed a motion to proceed with the adoption in the absence of the child. On March 3, 1986, Robert Griffin filed an amended motion to dismiss, in which he alleged that the court had failed to acquire jurisdiction over the child during his lifetime and that the child had not been represented by a guardian *ad litem* as required by law.

On May 6, 1986, the trial court dismissed the adoption proceeding, finding in a written order that the child sought to be adopted had died prior to being served with process and that the court lacked jurisdiction over the child. On June 4, 1986, Robert Griffin filed a notice of appeal from both the interim order terminating his parental rights and the court's order of May 6, 1986, dismissing the adoption proceeding.

In the proceeding on the child's estate, the child's mother filed a petition for letters of administration on August 7, 1985, in which she indicated that respondent was not an heir of the child because of the termination of his parental rights on December 19, 1984. The respondent filed an affidavit of heirship stating that he, the child's mother, and the child's half-sister were all heirs of the deceased child. On November 11, 1985, the trial court, on its own motion, consolidated the guardianship proceeding (case No. 81—P—798), the adoption proceeding (case No. 84—F—51), the dissolution of marriage proceeding between the purported adoptive parents (case No. 85—D—475), and the proceeding on the decedent's estate (case No. 85—P—475). On December 12, 1985, the trial court issued an order finding heirship that excluded the respondent, Robert Griffin, as an heir of the deceased child by virtue of the order of December 19, 1984, terminating his parental rights. The respondent filed a timely appeal from this order on December 23, 1985.

On appeal, the respondent contends that the trial court erred in finding that he had no right to inherit from his child's estate because his parental rights had been terminated by the interim order in the adoption proceeding. The respondent maintains that since the adoption proceeding was never completed but was ultimately dismissed, the interim order in that proceeding was vacated by the dismissal of that case. In addition the respondent asserts that the interim order in the adoption proceeding was void for lack of jurisdiction over the child because the child was neither served with process nor represented by a guardian *ad litem* in that proceeding.

Notwithstanding the apparently complex nature of the cases con-

solidated here on appeal, the determinative issue of the respondent's appeal is the validity of the interim order in the adoption proceeding. Since the trial court's ruling in the estate proceeding was based upon the interim order terminating parental rights in the adoption proceeding, the question in both the respondent's appeal from the adoption proceeding and his appeal from the estate proceeding is the effect of the interim order entered in the adoption proceeding before that case was dismissed following the child's death.

■ Prior to considering this issue, we must address the preliminary issue of whether the respondent could wait until the conclusion of the adoption proceeding to appeal from the interim order or whether he is barred from seeking review at this time because of his failure to file an interlocutory appeal of that order under Supreme Court Rule 307 (87 Ill. 2d R. 307). While the petitioner-appellee asserts that the respondent could not wait until the conclusion of the adoption proceeding to appeal from the interim order terminating rights, this court, in *Davis v. Bughdadi* (1983), 120 Ill. App. 3d 236, 458 N.E.2d 177, held that Rule 307 is not the exclusive mechanism for appealing an interim order terminating parental rights but that an appeal of such an order may be taken at the time of the final judgment in the adoption proceeding. The *Davis* court distinguished the case of *In re Workman* (1978), 56 Ill. App. 3d 1007, 373 N.E.2d 39, *aff'd* (1979), 76 Ill. 2d 256, 390 N.E.2d 900, relied upon by the petitioner here, which held that one whose parental rights had been terminated in a proceeding under the Juvenile Court Act (see Ill. Rev. Stat. 1975, ch. 37, par. 705—9) could not seek restoration of those rights by means of a petition to modify after the time for appeal had expired. In *Davis*, as here, the respondent had filed a timely appeal at the conclusion of the adoption proceeding, and the court held that the interim order was properly before the court for review, as "[a]n appeal from a final judgment draws into question all prior, nonfinal orders and rulings which produced the judgment." (*Davis v. Bughdadi*, 120 Ill. App. 3d 236, 241, 458 N.E.2d 177, 180.) Since this case is procedurally similar to *Davis v. Bughdadi*, we follow our decision in *Davis* in holding that the respondent could properly wait until the conclusion of the adoption proceeding to appeal from the interim order, so that the respondent is not barred from challenging the validity of the order at this time.

While the respondent contends that the interim order was merely a part of the adoption proceeding which became of no effect when the adoption proceeding was dismissed, the petitioner maintains that the respondent's parental rights ceased to exist upon entry of the interim

order and that the subsequent dismissal of the adoption proceeding did not vacate the court's earlier order terminating parental rights. If the petitioner is correct and the interim order is still effective, then this court can proceed to consider the merits of the interim order under the authority of *Davis*. However, if the interim order became of no effect upon dismissal of the adoption proceeding, then there was no termination of the respondent's parental rights and the ultimate issue as to heirship must be resolved in the respondent's favor.

In support of her argument the petitioner refers to section 17 of the Adoption Act (Ill. Rev. Stat. 1985, ch. 40, par. 1521), which states in pertinent part:

> "After the entry either of an order terminating parental rights or the entry of a judgment of adoption, the natural parents of a child sought to be adopted shall be relieved of all parental responsibility for such child and shall be deprived of all legal rights as respects the child ***."

The petitioner further relies upon *Gray v. Starkey* (1976), 41 Ill. App. 3d 555, 353 N.E.2d 703, in which this court, construing section 17, held that an order terminating parental rights was effective even though the adoption proceeding in which it was entered was abandoned by the petitioners and never completed.

The instant case differs from *Gray v. Starkey* in that the respondent there had appealed from the order terminating rights during the pendency of the adoption proceeding and that order had been affirmed on review. The interim order in *Gray* had thus become final as to the respondent and could not be affected by further proceedings in the main case.

In the instant case, however, the respondent had taken no appeal from the interim order during the pendency of the adoption proceeding and, as discussed above, has properly challenged the order terminating parental rights in this appeal following dismissal of the adoption proceeding. During pendency of the adoption proceeding, the interim order was merely a nonfinal, interlocutory order that, prior to becoming final, could not affect the respondent's rights of inheritance. Dismissal of the main adoption proceeding of which the interim order was a part had the effect of setting aside the interlocutory order. (See *Gray v. Ames* (1906), 220 Ill. 251, 77 N.E. 219; *Department of Transportation v. Schien* (1977), 50 Ill. App. 3d 73, 365 N.E.2d 702, *aff'd* (1978), 72 Ill. 2d 287, 381 N.E.2d 241; see also Annotation, 11 A.L.R.2d 1407 (1950).) The rule of *Gray v. Starkey* is thus inapplicable to the instant case and provides no basis for the petitioner's argument that the respondent's rights ceased upon entry of the interim

order on December 19, 1984.

The case of *In re Workman* is likewise distinguishable in that the parent whose rights had been terminated there sought reinstatement of her rights after the time for appeal from the order terminating rights had expired. The court there observed that section 17

"quite clearly requires that an order terminating parental rights be accorded the same legal effect as a decree of adoption insofar as the natural parents are concerned." (*In re Workman* (1978), 56 Ill. App. 3d 1007, 1010, 373 N.E.2d 39, 41.)

The court went on to state, however:

"In our view, *after the expiration of petitioner's right to appeal from the* \*\*\* *order terminating her parental rights*, she was no longer entitled to seek a restoration of those rights by means of a petition to modify that order." (Emphasis added.) 56 Ill. App. 3d 1007, 1011-12, 373 N.E.2d 39, 42.

■ Thus, in *Workman*, as in *Gray*, the court's construction of section 17 as requiring that an interim order terminating rights be given the same effect as a judgment of adoption was conditioned upon the interim order's having become final following expiration of the time for appeal or affirmance of the order upon appeal. Since, in the instant case, the order in question had not become final at the time the adoption proceeding was dismissed, dismissal of the main proceeding of which it was a part rendered it *functus officio* or without effect. For this reason, we find that the respondent's parental rights were not altered by the interim order in the unsuccessful adoption proceeding and that the court's order in the estate proceeding excluding the respondent as an heir by virtue of this interim order was erroneous.

The respondent further argues that the interim order was void and of no effect because the court failed to obtain jurisdiction over the child in the adoption proceeding before the order terminating rights was entered. As mentioned above, the child was neither served with process nor represented by a guardian *ad litem* in the adoption proceeding, and the proceeding was eventually dismissed on the basis of lack of jurisdiction following the child's death.

Notwithstanding the merits of the respondent's argument, we find it unnecessary to discuss this additional issue because of our holding that the order terminating rights was an interlocutory order that fell with the dismissal of the adoption proceeding. We, therefore, hold that the interim order in cause No. 84—F—51 should be vacated and affirm the court's judgment of dismissal in that cause. Since the interim order was ineffective to terminate the respondent's parental

rights and since the court's order finding heirship was based upon this interim order, the order finding heirship in the estate proceeding must also be reversed. We accordingly reverse the order of heirship in cause No. 85—P—475 and remand for further proceedings.

Cause No. 84—F—51—Affirmed in part and vacated in part.

Cause No. 85—P—475—Reversed and remanded.

HARRISON and WELCH, JJ., concur.