2 November 2000

No. 2--99--1245

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

In re
 ADOPTION of D., a Minor, )  Appeal from the Circuit Court

          )  of Kane County.

    )

 )  No. 99--AD--0042

      )

                             )

(D.Y. and E.Y., Petitioners-   )  Honorable

Appellees, v. L.W., )  Judith M. Brawka,

Respondent-Appellant).         )  Judge, Presiding.     

_________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

   
 The respondent, L.W., appeals the trial court's orders finding the respondent in default, terminating his parental rights to D., and denying his motion to vacate these orders and the judgment of adoption.  We vacate the trial court's order denying the respondent's motion to vacate and remand the case for further proceedings.

On April 1, 1999, D.Y., the natural mother of D., and E.Y., D.Y.'s husband, filed a petition to adopt D., a boy, born December 21, 1995.  The petition stated that the respondent was presumed to be the boy's father, explaining that "[P]arentage was established administratively at the hospital where the child was born, but [the respondent] denies any parentage."  The petition also alleged that the respondent would consent to the adoption if he could be located and that, if he could not be located, the respondent's parental rights should be terminated for wilful desertion and/or abandonment of D.  On May 13, 1999, the petitioners mailed the notice of the petition to adopt to the respondent's home.  

On May 18, 1999, the petitioners filed a motion for the entry of an interim order seeking the appointment of a guardian 
ad litem
 for D.  At the May 20, 1999, hearing on the petition to appoint a guardian, the respondent appeared 
pro se
.  The trial court granted the petitioners' motion to appoint a guardian and ordered the matter taken off the call, stating that the respondent represented to the court that blood testing to determine paternity had been performed but that the respondent had not been able to pay for the service.  The order stated that the respondent intended to locate the service provider and pay for the services.

On May 27, 1999, a summons was issued directing the respondent to file an answer or to appear.  The summons and a copy of the petition to adopt were served by abode on June 1, 1999, and left with the respondent’s mother. 

On June 24, 1999, the guardian 
ad litem
 filed her report, recommending that the petition for adoption be granted "in the event that all other statutory requirements are satisfied."

On July 15, 1999, the petitioners filed a petition to terminate the parental rights of the respondent to D.  The petition was set for hearing that same day.  The petition alleged that the respondent's parentage had been established administratively at the hospital but that the respondent later denied being D.'s father in a court case and failed to pay for blood tests despite three court orders.  The petition further alleged that visitation and child support had already been suspended on May 26, 1996.  Further, the respondent had little or no contact with D, had deserted the child, and did not send gifts or cards.  The record shows that one week earlier, on July 8, 1999, the respondent was served with the petition to terminate and notice of the hearing on the petition. 

On July 15, 1999, the respondent failed to appear at the hearing or file an answer or any other pleading.  The trial court found the respondent in default.  After hearing testimony from D.'s mother, petitioner D.Y., the trial court found that the respondent failed to maintain a reasonable degree of interest, concern, care, and responsibility for D. and "failed to provide any financial support from the birth of the child through the present."  The trial court granted the petitioners' motion to amend the petition to conform with the proofs.  The trial court then found that it was in D.'s best interest to terminate the respondent’s parental rights.  The trial court then terminated the respondent’s parental rights and entered an interim order placing the child in the temporary custody of the petitioners.  The trial court explained in its order that agency appointment was not necessary because it was a related adoption.  

A bystander’s report indicates that on August 19, 1999, the respondent appeared 
pro se
 and presented the court with a "Motion to Suspend All Motions of Adoption By the Petitioners and Reinstate Visitation and Child Support."  The respondent told the court that he had not received notice of the July 15, 1999, hearing until four days after the hearing, on July 19.  The trial court denied the motion, explaining that it was filed more than 30 days after the entry of the default and termination order.  According to the bystander’s report, the trial court explained that it was divested of jurisdiction to vacate the order.  The trial court then entered the judgment of adoption.

On September 1, 1999, the respondent filed a motion, 
pro se
, to "vacate all judgments enter [
sic
] on July 15 and August 19, 1999."  During the hearing on the motion, the respondent explained that he had not received notice of the July 15, 1999, hearing, he had made some child support payments, the child’s mother prevented the respondent from having contact with D. and did not provide any photographs of D., and the respondent's gifts to D. had been returned.  The petitioners' counsel argued that the respondent’s motion was improper and that, under section 2--1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1401 (West 1998)), the respondent had failed to exercise due diligence.  The trial court ruled that the respondent "failed to take any action after being served and received notice for more than two and a half months and failed to exercise due diligence."  The trial court denied the respondent’s motion.

After the trial court granted the respondent's motions to have the court file unsealed on November 4, 1999, this court granted the respondent’s motion for leave to file a late notice of appeal.  On November 24, 1999, the respondent filed his late notice of appeal, specifying the orders of July 15, August 19, and September 16, 1999.

On appeal, the respondent argues that the trial court erred by denying his motions attacking the default and termination order, filed both prior to the entry of final judgment and within 30 days after the entry of final judgment.  The respondent asserts that the trial court improperly applied the standard applicable to section 2--1401 of the Code rather than the less stringent standard applicable to section 2--1301(e) of the Code.  735 ILCS 5/2--1401, 2--1301(e) (West 1998).  The respondent claims, in part, that the July 15, 1999, order terminating the respondent's parental rights was not a final order.

Two different sections in the Code address setting aside default judgments: section 2--1301(e) and section 2--1401(a).  735 ILCS 5/2--1301(e), 2--1401(a) (West 1998).  Section 2--1301(e) addresses motions to set aside default judgments either before a final judgment or order has been entered or within 30 days after the entry of a final judgment of order.  Section 2--1301(e) of the Code provides:

"The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable."  735 ILCS 5/2--1301(e) (West 1998).

In comparison, section 2--1401 of the Code addresses motions to set aside default judgments after 30 days of the entry of a final judgment or order.  Section 2--1401(a) of the Code provides, in part:

"Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section."  735 ILCS 5/2--1401(a) (West 1998).

Given the more disruptive nature of vacating a judgment or order after 30 days of its entry, the party seeking the vacation of a default  judgment or order has a greater burden under section 2--

1401(a) than under section 2--1301(e). 
Cruz v. Columbus-Cuneo-Cabrini Medical Center
, 264 Ill. App. 3d 633, 639 (1994). 

The primary concern in ruling on a motion to vacate under section 2--1301(e) is whether substantial justice is being done between the litigants and whether it is reasonable under the circumstances to proceed to trial on the merits.  
Merchants Bank v. Roberts
, 292 Ill. App. 3d 925, 930 (1997).  The trial court must consider numerous factors, such as "the presence of a meritorious defense, due diligence, the residence of the nonmovant, the severity of the penalty as a result of the judgment, and the hardship on the nonmovant if that party is required to go to trial."  
Marren Builders, Inc. v. Lampert
,  
307 Ill. App. 3d 937, 941-42 (1999).  

In comparison, to qualify for relief under the more stringent standard of section 2--1401:

"[T]he petitioner must show by a preponderance of the evidence:  (1) a meritorious defense or claim in the original action;  (2) due diligence in pursuing the defense or claim in the circuit court;  and (3) due diligence in presenting the section 2--1401 petition."  
Cruz
, 264 Ill. App. 3d at 639.

Further, a section 2--1401(a) petition must be supported by affidavit or other showing of matters not contained in the record.  
Cruz
, 264 Ill. App. 3d at 639.

A reviewing court's decision to grant or deny a motion to vacate a default judgment under either section 2--1301(e) or section 2--1401(a) will not be disturbed, absent an abuse of discretion.  
Merchants Bank
, 292 Ill. App. 3d at 930 (discussing  section 2--1301(e) motion); 
American Ambassador Casualty Co. v. Jackson
, 295 Ill. App. 3d 485, 492 (1998) (discussing section 2--

1401(a) petition).  
The trial court cannot be said to have abused its discretion if reasonable persons could differ as to its decision.  
Merchants Bank
, 292 Ill. App. 3d at 930. 

As previously stated, section 2--1301(e) applies only to motions filed before final judgment or within 30 days of the entry of final judgment.  Thus, we must determine whether the respondent complied with this requirement.  

The respondent argues that the July 15, 1999, order was not a final order and that a final order was not entered until August 19, 1999, when the trial court entered the judgment of adoption.  Therefore, according to the respondent, his motions to suspend and  vacate were timely under section 2--1301(e).  The petitioners argue that the respondent's "motion to suspend" was not a motion to vacate the default judgment and that his motion to vacate was not timely under section 2--1301(e) because the July 15, 1999, order was final.  Regardless of whether the motion to suspend was properly before the court, we determine that the respondent's motion to vacate was filed within 30 days of entry of a 
final
 order and, therefore, the trial court erred by failing to consider the respondent's motion to vacate under section 2--1301(e).

An order is final if it terminates the litigation between the parties on the merits or disposes of the rights of the parties on the entire controversy.  
In re Marriage of Blanchard
, 305 Ill. App. 3d 348, 351 (1999).  An order that leaves a cause still pending and undecided or leaves matters regarding the ultimate rights of the parties for future determination is not a final order.  
In re Petition to Incorporate the Village of Greenwood
,  275 Ill. App. 3d 465, 470 (1995).

In 
In re Estate of Griffin
, 160 Ill. App. 3d 670, 675 (1987), the Appellate Court, Fifth District, held that in an adoption proceeding an order terminating a parent’s rights is a nonfinal, 
interlocutory
 order which does not become final until the judgment of adoption is entered.  
Griffin
, 160 Ill. App. 3d at 675.  
In 
Griffin
, a father’s parental rights were terminated, but, before the adoption judgment was entered, the child died.  The trial court then dismissed the adoption petition.  The court held that the order terminating the father’s parental rights was not a final order.  Therefore, the dismissal of the adoption petition "had the effect of setting aside the interlocutory [termination] order." 
Griffin
, 160 Ill. App. 3d at 675.  The trial court then determined that the father was the child’s heir.  
Griffin
, 160 Ill. App. 3d at 676.

Contrary to the petitioners’ belief, the factual differences between 
Griffin
 and this case do not alter the validity of the court’s analysis.  With the 
Griffin
 decision in mind, we determine that the July 15, 1999, order terminating the respondent’s parental rights in this case was not final until the judgment of adoption was entered on August 19, 1999.  Therefore, the respondent’s motion to vacate, filed 13 days after the judgment of adoption was entered, was timely filed under section 2--1301(e) of the Code.  735 ILCS 5/2--1301(e) (West 1998).

The petitioners cite 
In re A.S.B.
, 293 Ill. App. 3d 836 (1997), 
In re C.B.
, 221 Ill. App. 3d 686 (1991), and 
In re Workman
, 56 Ill. App. 3d 1007 (1978), to support their argument.  However, these cases are distinguishable because nothing in these cases
 indicates that the respondent filed a timely motion to vacate a default judgment under section 2--1301(e) of the Code after the entry of the judgment of adoption.  Thus, these cases are not controlling here.    

We also note that the respondent could have filed an 
interlocutory
 appeal attacking the termination order under Supreme Court Rule 307 (155 Ill. 2d R. 307).  However, it is well settled that Rule 307 is not the exclusive means for appealing an 
interim
 order terminating parental rights.  
Griffin
, 160 Ill. App. 3d at 674.  Rather, an appeal of such an order may be taken after the final judgment in the adoption proceeding has been entered.  
Griffin
, 160 Ill. App. 3d at 674.  Simply put, an interlocutory order, which may be appealable pursuant to Supreme Court Rule 307 (155 Ill. 2d R. 307), does not transmute the interlocutory order into a final order.  

Having determined that the respondent’s motion to vacate was timely filed under section 2--1301(e) of the Code, we now discuss whether the trial court applied the correct standard in considering the motion.

It is clear from the bystander's report of the hearing on the motion to vacate that the trial court applied the more stringent standard applicable to section 2--1401 of the Code.  The respondent testified that he was not present at the July 15, 1999, hearing because he had not received notice; he also testified that he had made some child support payments and had attempted to have contact with his son, obtain photos of him, and give gifts to him.  Counsel for the petitioners argued that the respondent had not met the requirements of a section 2--1401(a) petition. In this context, the trial court then denied the respondent's motion based solely on the respondent’s alleged lack of due diligence.  Thus, the bystander’s report reveals that the trial court considered only the due diligence factor in its decision and did not consider the other appropriate factors applicable to section 2--1301(e) motions to vacate.

Accordingly, we vacate the trial court's denial of the respondent's motion to vacate and remand the cause with directions to the trial court to conduct a hearing and make its decision after considering the relevant factors under section 2--1301(e) of the Code.  If, after considering the appropriate factors, the trial court decides to grant the respondent's petition to vacate, then we direct the trial court to vacate its judgment terminating the respondent's parental rights and its judgment of adoption and proceed on the merits of the petitions.

Finally, the respondent argues that the adoption petition was fatally defective because it was not verified or signed by both of the petitioners.  When married persons seek adoption, both husband and wife are necessary parties to the adoption.  750 ILCS 50/2 (West 1998).  Verification and the signatures of both husband and wife on the petition are the easiest ways to meet this requirement.  Upon remand the record should be clarified to reflect whether all necessary parties are joined.

For these reasons, the judgment of the circuit court of Kane County is vacated, and the cause is remanded for further proceedings.

Vacated and remanded.

BOWMAN, P.J., and HUTCHINSON, J., concur.