JUSTICE GARCIA, specially concurring: I write separately to emphasize the deference we owe to the trial court in our review of its order, which, in my judgment, determines the outcome of this interlocutory appeal. It is settled law that a motion to compel arbitration is subject to the deferential standard of review of an abuse of discretion. Schroeder, 319 Ill. App. 3d at 1093-94. “[T]he scope of review in an interlocutory appeal is normally limited to determining whether the trial court abused its discretion in granting or refusing the requested interlocutory relief.” Jacob v. C&M Video, Inc., 248 Ill. App. 3d 654, 664, 618 N.E.2d 1267 (1993). Our supreme court has also recognized that the abuse of discretion standard is “ ‘the most deferential standard of review available with the exception of no review at all.’ ” People v. Coleman, 183 Ill. 2d 366, 387, 701 N.E.2d 1063 (1998), quoting M. Davis, A Basic Guide to Standards of Judicial Review, 33 S.D. L. Rev. 469, 480 (1988). “An abuse of discretion occurs where no reasonable person would agree with the position adopted by the trial court.” Schwartz v. Cortelloni, 177 Ill. 2d 166, 176, 685 N.E.2d 871, 876 (1997). Thus, a “trial court cannot be said to have abused its discretion if reasonable persons could differ as to its decision.” In re Adoption of D., 317 Ill. App. 3d 155, 160, 739 N.E.2d 109 (2000). The only real difference between Kostakos and this case lies in the question presented. In Kostakos, we were asked to find an abuse of discretion in the trial court’s decision to order arbitration. We found no such abuse. Discretion works in either direction; a trial court may order arbitration or find waiver. In this case it found waiver. The deference owed to the trial court’s determination, the standard we apply in reviewing its decision, remains the same regardless of the outcome, public policy favoring arbitration notwithstanding. (See Schroeder, 319 Ill. App. 3d at 1095, where we rejected the contention that the Arbitration Act “leaves no room for the exercise of discretion.”) While I agree that “limited legal maneuvering” may not amount to waiver, I am not prepared to find an abuse of discretion where the trial court has found otherwise. Nor am I inclined to effectively substitute my judgment for the trial court’s in determining whether the actions undertaken by the defendants are truly limited legal maneuvering rather than a conscious exercise of its choice of forum. I must also express mild disagreement with Justice Gordon’s assertion that “defendants’ conduct relating to the suit to recover alleged unpaid legal fees should have no bearing on whether defendants waived their right to compel arbitration in the current dispute.” 381 Ill. App. 3d at 995. I submit that the defendants’ decision to file suit for unpaid legal fees, where the written engagement agreement with the arbitration clause would play a role in the defendants’ unpaid legal fees action, suggests the defendants as lawyers found a forum of choice in the circuit court. It also bears noting that it is this very agreement in which the defendants agreed to relinquish their “right to bring an action in court and to a jury trial.” Yet, they brought the unpaid legal fees action in court. And, when they filed their appearance in the instant case, they also filed a “jury trial” demand. I submit this case turns on our standard of review. Through the lens of that standard of review, there was a sufficient showing to sustain the order of the trial court. See Schroeder, 319 Ill. App. 3d at 1093-96. Here, the trial court determined the lawyers as defendants failed to act in accordance with the arbitration clause; the defendants have not persuaded us to disturb the trial court’s ruling. Because reasonable persons can differ as to the trial court’s decision, as confirmed by the dissent, we cannot say as a matter of law that the trial court abused its discretion. See Kostakos, 142 Ill. App. 3d at 537.