NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240935-U

NO. 4-24-0935

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 25, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* J.H., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Henry County |
|       Petitioner-Appellee, | ) | No. 22JA46 |
|       v. | ) | |
| Elise H., | ) | |
|       Respondent-Appellant). | ) | |
| | ) | Honorable |
| | ) | James J. Cosby, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE CAVANAGH delivered the judgment of the court.
Justice DeArmond concurred in the judgment.
Justice Harris specially concurred.

**ORDER**

¶ 1    *Held*:  The appellate court vacated the trial court's order terminating respondent's parental rights, finding the court's default order was not a final order or judgment and it was error to deny respondent leave to file a motion to vacate the default order.

¶ 2          In December 2023, the State filed a petition to terminate the parental rights of respondent, Elise H., to her minor child, J.H. (born July 2018). Respondent failed to appear at the first appearance on the State's petition, and the trial court subsequently entered a default order and a finding of parental unfitness. The court later denied respondent's motion for leave to file a motion to vacate the default order. Following a best interest hearing, the court terminated respondent's parental rights. (The court also terminated the parental rights of J.H.'s father, who is not a party to

this appeal.) Respondent appeals. We vacate the order terminating respondent's parental rights and remand the matter for further proceedings.

¶ 3                                 I. BACKGROUND

¶ 4            In May 2022, in La Salle County, the State filed a petition for adjudication of wardship pursuant to the Juvenile Court Act of 1987 (Juvenile Court Act), contending J.H.'s environment was injurious to his welfare (705 ILCS 405/2-3(1)(b) (West 2022)). The petition alleged respondent was driving a vehicle while intoxicated, with J.H. as a passenger, that resulted in a serious accident. Following the implementation of a safety plan by the Illinois Department of Children and Family Services (DCFS), respondent admitted to drinking alcohol while visiting with J.H. in violation of the safety plan. The trial court entered an order placing J.H. in the temporary custody of DCFS.

¶ 5            In July 2022, respondent stipulated to a finding that J.H. was a neglected minor and that she was unfit or unwilling for reasons other than financial circumstances to properly care for J.H. The trial court subsequently entered corresponding adjudicatory and dispositional orders, making J.H. a ward of the court and granting custody and guardianship to DCFS. The court ordered respondent to cooperate with DCFS and comply with specific terms as directed by DCFS.

¶ 6            In October 2022, during a permanency hearing, the entire case was transferred from La Salle County to Henry County due to J.H.'s placement with his maternal grandmother in Kewanee, Illinois. Respondent consented to the case transfer.

¶ 7            In December 2023, the State filed a petition to terminate respondent's parental rights to J.H. The petition alleged respondent had (1) abandoned J.H. (750 ILCS 50/1(D)(a) (West 2022)); (2) failed to maintain a reasonable degree of interest, concern, or responsibility for the welfare of J.H. (*id.* § 1(D)(b)); (3) failed to make reasonable efforts toward the return of J.H. to

her care within nine months after the adjudication of neglect (*id.* § 1(D)(m)(i)); and (4) failed to make reasonable progress toward the return of J.H. to her care within nine months after the adjudication of neglect (*id.* § 1(D)(m)(ii)). The State defined the relevant nine-month time period as July 14, 2022, to April 14, 2023.

¶ 8 In April 2024, a permanency review hearing was held wherein respondent was not present. The matter was set for a first appearance on the State's petition to terminate respondent's parental rights for May 22, 2024. The trial court specifically declined to set a hearing date on the State's petition and reserved setting a hearing date until the first appearance date on May 22.

¶ 9 On May 22, 2024, respondent did not appear. Initially, the parties were scheduling the matter for a fitness hearing to occur at a later date. Counsel for DCFS then requested respondent be defaulted to allow the matter to move forward. Counsel stated there had been publication, respondent was represented by counsel, and she was aware that the first appearance hearing was taking place. The caseworker for DCFS then informed the trial court that she had spoken with respondent on May 20, 2024, and informed her about the court date.

¶ 10 The guardian *ad litem* (GAL) stated the publication indicated the May 22 court date was "a hearing on the motion to terminate parental rights." The GAL stated the publication was sufficient notice to respondent. The trial court asked if the default would apply solely to the issue of parental fitness. The GAL and counsel for DCFS agreed it would. Respondent's counsel objected. The court then stated, "All right. Well, this is a civil matter. [Respondent is] on notice through publication but also through communication with [her] caseworker." The court then had the DCFS caseworker raise her right hand, and the court inquired: "Do you swear what you told me about speaking to [respondent] is the truth—to [respondent] about today's court date is the truth, the whole truth, and nothing but the truth?" The DCFS caseworker responded in the

affirmative. The court stated respondent had been given notice through both publication and the caseworker and chose not to attend the hearing. Accordingly, the court granted a default order on the issue of parental fitness. The matter was continued for a best interest hearing.

¶ 11 The parties reconvened on July 3, 2024. Respondent was present with counsel. Respondent's counsel informed the trial court that respondent had missed the May 22, 2024, hearing because she had been in the hospital due to a seizure. Counsel requested leave to file a written motion to vacate the default order on parental fitness. Counsel sought an evidentiary hearing to permit the court to evaluate whether respondent's failure to appear at the prior court date was for a valid reason, such as her proffered reason of hospitalization. Counsel also argued the continuance would not jeopardize J.H., who continued to remain in placement with his maternal grandmother. The court inquired with counsel when the last time respondent had spoken directly with him prior to that day's court date was, to which counsel stated it was October 2023. The State objected to the court granting respondent leave, stating it had been more than 30 days since the default order was entered, such that the court was without jurisdiction to address the issue. The GAL also objected, noting, pursuant to section 2-32 of the Juvenile Court Act (705 ILCS 405/2-32 (West 2022)), respondent was required to file her motion within 30 days of the default order. The GAL noted respondent could still seek relief pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)) up to one year following a final order, which would not prohibit the court from moving forward with the best interest hearing. The court denied respondent's request, stating, "I think I'm barred at this point in time from even taking this up since the 30 days have elapsed." The best interest hearing proceeded *instanter*. Following the best interest hearing, the trial court found it was in J.H.'s best interest to terminate respondent's

parental rights. The court subsequently entered an order terminating respondent's parental rights on July 29, 2024.

¶ 12        This appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14        On appeal, respondent argues (1) the trial court erred when it (a) entered a default order against her and subsequently found her unfit, (b) denied her leave to file a motion to vacate the default order; and (c) found it was in J.H.'s best interest to terminate her parental rights; (2) service was improper, rendering any termination of her parental rights void; (3) termination of her parental rights was unconstitutional; and (6) she received ineffective assistance of counsel. The State concedes error regarding the court's denial of respondent's motion to set aside the default order and takes no position on the remaining issues raised by respondent. For the reasons that follow, we accept the State's concession and agree with respondent the court erred when it denied her leave to file a motion to vacate the default order.

¶ 15        We review a trial court's decision to grant or deny a motion to vacate a default order or judgment for an abuse of discretion. *In re Adoption of D.*, 317 Ill. App. 3d 155, 160 (2000). Notably, the trial court, in this case, did not actually evaluate a motion filed by respondent to vacate its May 22, 2024, default order. Rather, the court denied respondent leave to file the motion. In essence, the court denied respondent a continuance to file the motion. "Under Illinois law, a party has no absolute right to a continuance." *In re Tashika F.*, 333 Ill. App. 3d 165, 169 (2002). The court has discretion to continue a hearing where it would be consistent with the health, safety, and best interest of the minor. *In re K.O.*, 336 Ill. App. 3d 98, 104 (2002). We note, "serious delay in the adjudication of abuse, neglect, or dependency cases can cause grave harm to the minor and the family [in] that it frustrates the health, safety[,] and best interests of the minor and the effort to

establish permanent homes for children in need." 705 ILCS 405/2-14(a) (West 2022). Ultimately, though, we review a trial court's denial of a motion to continue under the same standard had it denied a motion to vacate a default order: for an abuse of discretion. *Tashika F.*, 333 Ill. App. 3d at 169. An abuse of discretion occurs if the ruling is arbitrary, fanciful, or unreasonable. *In re Z.J.*, 2020 IL App (2d) 190824, ¶ 55.

¶ 16    The trial court had determined it did not have the authority to grant respondent leave to file a motion to vacate the May 22 default order because more than 30 days had elapsed since it had been entered. The record shows two statutes were referenced to lend support to the court's determination: 705 ILCS 405/2-32 (West 2022) and 735 ILCS 5/2-1401 (West 2022). The interpretation of a statute is generally a question of law, which is reviewed *de novo*. *Cohen v. Chicago Park District*, 2017 IL 121800, ¶ 17. When construing a statute, our primary objective is to ascertain and give effect to the intent of the legislature, which is best indicated by the language of the statute, given its plain and ordinary meaning. *Corbett v. County of Lake*, 2017 IL 121536, ¶ 30.

¶ 17    Section 2-1401 Code provides relief "from final orders and judgments, after 30 days from the entry thereof." 735 ILCS 5/2-1401 (West 2022). Section 2-32 of the Juvenile Court Act references section 2-1401 of the Code and requires any petition for relief must be filed within one year following the entry of any final order or judgment. 705 ILCS 405/2-32 (West 2022). However, "[a] default order is not the same as a default judgment." *In re Haley D.*, 2011 IL 110886, ¶ 64. "Under the Adoption Act [(750 ILCS 50/0.01 *et seq.* (West 2022))], orders terminating parental rights are nonfinal and interlocutory." *Id.* ¶ 62. The default order and subsequent finding of respondent as an unfit parent under the Adoption Act on May 22, 2024, was not a final order. The final order in this case did not occur until July 29, 2024. Accordingly, neither

of the statutes referenced when the trial court denied respondent's motion for leave were the appropriately applicable statutes. Rather, section 2-1301 of the Code provides the trial court "may in its discretion, before final order or judgment, set aside any default." 735 ILCS 5/2-1301(e) (West 2022).

¶ 18 The trial court had the discretion to permit respondent leave to file a motion to vacate the May 22, 2024, default order; thus, it was error for the court to find otherwise. While we are cognizant that delays in termination of parental rights proceedings can be detrimental to the minors involved, the facts of this case suggest the delay would have been minimal. Respondent merely sought a continuance to file a formal motion to vacate the default order to prove up a valid reason for failing to appear in court. Therefore, we find the trial court abused its discretion when it declined to permit respondent leave to file a motion to vacate the default order. Because we find the trial court erred when it denied respondent leave, we need not address respondent's remaining arguments. Consequently, we must vacate the trial court's order terminating respondent's parental rights and remand the matter for further proceedings consistent with this order. See *Haley D.*, 2011 IL 110886, ¶ 68.

¶ 19        III. CONCLUSION

¶ 20 For the reasons stated, we vacate the trial court's order terminating respondent's parental rights and remand the matter for further proceedings.

¶ 21 Vacated and remanded.

¶ 22 JUSTICE HARRIS, specially concurring:

¶ 23 I agree we should vacate and remand as stated by the majority. I write separately because I respectfully disagree that the trial court's denial of respondent's motion for leave to

file was, in essence, a denial of a motion to continue. For this reason, I do not agree with the majority's analysis *supra* ¶ 15, which follows from that premise.

¶ 24     In my view, the analysis is much simpler. The majority is correct that a trial court's decision to grant or deny a motion to vacate a default order is subject to the abuse of discretion standard. And as explained by the majority, the court was operating under the mistaken belief it did not have the ability to consider a motion to vacate, stating it was "barred" from considering anything after 30 days from the date of the default order. That was tantamount to the court saying it had no discretion in the matter. However, as explained by the majority, and conceded by the State, the court *did* have discretion to consider a motion to vacate the default order. "Where a court erroneously believes it has no discretion in a matter, its failure to exercise discretion can itself constitute an abuse of discretion." *People v. Bernard*, 2021 IL App (2d) 181055, ¶ 25. That is what the State argues in its brief occurred here—the court failed to exercise its discretion to act because it failed to recognize it possessed discretion in the first place. Under the circumstances, I would find this was an abuse of discretion. Thus, I agree we should vacate the court's judgment and remand.